# Cases

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## January, 1891.

---

## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES H. SCHAD, Appellant.

*Appeal from an order denying a motion for a new trial, unnecessary in a criminal action — misconduct on the part of the jury requiring that a new trial be granted.*

In a criminal action it is not necessary to state in the notice of appeal that it is taken from the order denying the defendant's motion for a new trial, as sections 485 and 517 of the Code of Criminal Procedure provide that, upon an appeal from a judgment, the decision of the court on a motion for a new trial may be reviewed.

After the jury had retired to deliberate on their verdict in a criminal case the officer having them in charge, without leave of the court, took them to dinner at a hotel, and before dinner one of the jurors separated himself from his fellows and entered the public bar-room where he called for and drank brandy at the bar; and on the same occasion another juror, after dinner, went alone to the water-closet in the basement of the hotel, and followed, but did not overtake, until they arrived at the court-house, the other jurors, who had preceded him on their return.

Afterwards, when, by leave of the court, the jury, not having agreed upon the verdict, were taken to the hotel for supper, the juror who had taken brandy before dinner went alone to the bar-room and drank there again.

*Held,* that this constituted misconduct on the part of the jury which vitiated the verdict, and because of which a new trial should be granted.

APPEAL by the defendant from a judgment, entered, in the above-entitled action, in the office of the clerk of the county of Niagara on the 20th day of April, 1889, and from an order denying a motion

for a new trial, after a trial before the county judge of Niagara county, and justices of sessions of said county and a jury, at the Court of General Sessions of that county, on the 25th day of March, 1889.

The defendant was convicted of forgery, and was sentenced to be confined in the State prison at Auburn for the term of five years and eight months at hard labor.

*John T. Murray*, for the appellant.

*P. F. King*, district attorney, for the respondent.

DWIGHT, P. J. :

The specification in the notice of appeal, of the order denying the defendant's motion for a new trial, was unnecessary, since the statute provides that upon an appeal from the judgment the decision of the court on the motion for a new trial may be reviewed. (Code of Criminal Pro., §§ 485, 517.) The conviction was of a felony and the judgment pronounced was of imprisonment in the State prison for the term of five years and eight months.

The motion for a new trial was on the ground of misbehavior of the jury. The facts, in this respect conceded to be true, are that after the jury had retired to deliberate on their verdict the officer having them in charge — without leave of the court — took them to dinner at a hotel a quarter of a mile distant from the court-house; that before dinner one of the jurors separated himself from his fellows and entered the public bar-room of the hotel where he called for and drank brandy at the bar; that on the same occasion another juror, after dinner, went alone to the water-closet in the basement of the hotel, and the jury having, in the meantime, set out to return to the court-house he followed, but did not overtake them until they arrived at the court-house; that when, by leave of the court, the jury, not having yet agreed upon a verdict, were taken to the hotel for supper, the same juryman who had taken brandy before his dinner repeated the indulgence before eating his supper, going alone as before to the bar-room for that purpose.

We have no hesitation in saying that this narrative discloses misconduct on the part of the jury which vitiated the verdict and for which a new trial should have been granted. The conduct of

the officer in taking the jury to dinner without leave of the court, and permitting two of the jurors to separate from their fellows, was in violation of his oath " to keep the jury together in some private and convenient place without meat or drink, water excepted ; " and, by express provision of the statute, it was in the power of the court in which the trial was had to set aside the verdict for the sole cause of the separation of the jury. (Code of Criminal Procedure, § 465, sub. 3.) The provision cited specifies, among other cases in which the trial court may grant a new trial, the case " when the jury have separated without leave of the court after retiring to deliberate upon their verdict." The concluding clause of the subdivision, viz., " *or* have been guilty of any misconduct by which a fair and due considera- tion of the case has been prevented," is disjunctive in effect as it is in form, and relates to acts of misconduct other than that particularly specified. In this case, in the absence of evidence that either of the jurors, while separated from his fellows, conversed with any person on the subject of the trial, we should, no doubt, support the trial court in the exercise of its discretion not to grant a new trial for the sole cause of the separation of the jury. But the conceded fact that, during the time devoted to the deliberations of the jury, one of their number twice indulged in the use of intoxicating liquor, we regard as fatal to the verdict. The last clause of subdi- vision 3 of section 465, above quoted, must be regarded as including all acts of misconduct on the part of the jury or of a juror, which either are shown or may be presumed to have interfered with the due and proper consideration of the case submitted to them. It is appa- rent that there are few cases in which actual prejudice can be affirmatively shown to have resulted from any misconduct of a juror. Even though it were shown that a juror has been subjected, outside the jury-room, to direct personal efforts to influence his action, it would be easy for him to affirm, and impossible to deny, that his mind was already made up, and that his action was wholly unaffected by the attempt to influence it. But no one will contend that in such a case the verdict should stand, or that it would be in the discretion of the trial court to refuse to set it aside. So in respect to the use of intoxicating liquor, it is impossible for the court to measure or estimate the effect of an alcoholic stimulant, which varies with the susceptibility of the person by whom it is taken ; it is

enough that its well-known tendency is to produce an abnormal elevation, and, in the reaction, a corresponding depression of mind and a consequent disturbance, in a greater or less degree, of the reasoning powers. It is for this reason that the use of intoxicating liquor by jurors while deliberating on their verdict is not permitted except as a necessary medicine, and its unauthorized use at such time by one or more jurors has usually been regarded in this country as furnishing ground for setting aside a verdict in a case of felony.

In the early and leading case of *Commonwealth* v. *McCaul* (Virginia Cases, 271), the report of which is reproduced in a note to the case of *Smith* v. *Thompson* (1 Cowen, 221, note on 235–237), Mr. William Wirt challenged the prosecution to cite a case in which a verdict of felony, procured under such circumstances, had been allowed to stand. It was with reference to that case that Mr. John C. Spencer, for the prisoner, in the case of the *People* v. *Douglass* (4 Cowen, 26), said : " The great principle decided by this case is that the door to abuse is not to be opened." In the case of the *People* v. *Lee Chuck* (reported in 39 Alb. Law Jour., 354), the Supreme Court of California reviewed the cases on this subject in all the States, and reached the conclusion " that where the proof of the drinking is clear and undisputed, and that it was done while the jury was actually deliberating upon their verdict in a capital case, a verdict of conviction should not be allowed to stand." There can be no valid distinction in this respect between the case of a capital and that of any other felony. It is instructive to note that the decision in California was made under a provision of the Penal Code of that State, which is a transcript of subdivision 3 of section 465 (*supra*) of our Criminal Code. The fact that in the California case the use of wine with their dinner was indulged in by all, or most of the jurors, is unimportant ; the defendant on trial has the right to the exercise of the cool, clear and undisturbed judgment of every member of the jury, and whether it be the intellect of one or more of the twelve which has been clouded or unbalanced by the use of alcoholic stimulants, the effect, in either case, must be equally fatal to the verdict rendered,

We think the Court of Sessions in this case failed to attach due importance to the facts bearing upon the question here discussed, and erred in not granting defendant's motion for a new trial.

The judgment appealed from should be reversed and a new trial granted.

MACOMBER and CORLETT, JJ., concurred,

Judgment reversed and case remitted to the Court of Sessions of Niagara county to proceed therein.