THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LORENZO PRIORI, Appellant.

1. APPEAL — REVIEW OF SETTLEMENT OF CASE ON APPEAL FROM JUDGMENT OF DEATH — CODE OF CR. PRO. § 517. The action of a trial justice in settling the case on an appeal from a judgment of death is reviewable by the Court of Appeals on an appeal by the defendant from an order of Special Term denying a motion for a resettlement, although there is no express statutory provision authorizing such review since the power to hear and determine an appeal in the first instance in a capital case, conferred upon the Court of Appeals by section 517 of the Code of Criminal Procedure, necessarily implies the right to settle the preliminary practice so far as it is not fixed by statute.

2. CASE BECOMES PART OF JUDGMENT ROLL WHENEVER FILED. A case on appeal from a judgment of death, whenever filed, even if after a judgment roll has been made up in the first instance, becomes, by operation of law, a part thereof and should be attached thereto in accordance with the general practice.

3. ORDER DENYING MOTION FOR NEW TRIAL UPON THE GROUND OF NEWLY-DISCOVERED EVIDENCE REVIEWABLE BY COURT OF APPEALS AS AN INCIDENT TO APPEAL FROM JUDGMENT OF DEATH — CODE OF CR. PRO. §§ 465, 485, 517. An order denying a motion for a new trial upon the ground of newly-discovered evidence, made after a judgment of death and an appeal therefrom by the defendant and in time to include the proceedings in the case, is, at his instance, reviewable by the Court of Appeals as an incident to the appeal, under section 517 of the Code of Criminal Procedure, conferring upon that court jurisdiction to review any actual decision of the trial court in an intermediate order or proceeding forming part of the judgment roll; since it is an "intermediate" order, within the meaning of that section, when made before the completion of the judgment roll by the attachment of the case thereto whenever filed, and it is made a part of the judgment roll by subdivision 6 of section 485, requiring a copy of the minutes of any proceeding upon a motion for a new trial to be a part thereof, which subdivision necessarily includes a

motion for a, new trial upon the ground of newly-discovered evidence made under section 465.

4. AFFIDAVITS AND PROCEEDINGS ON MOTION SHOULD BE INSERTED IN CASE. The affidavits and proceedings on a motion for a new trial upon the ground of newly-discovered evidence, made after a judgment of death and an appeal by defendant therefrom, which have been struck out of the proposed case on appeal, on the settlement thereof, by the allowance of an amendment prepared by the district attorney, should be restored on a motion for its resettlement by disallowing such amendment and inserting the affidavits and proceedings in the case.

(Argued April 16, 1900; decided May 1, 1900.)

APPEAL from an order of a Special Term of the Supreme Court, New York county, entered March 30, 1900, denying a motion of the defendant for the resettlement of a case prepared to review a judgment of death.

Also a motion by respondent to dismiss said appeal.

The facts, so far as material, are stated in the opinion.

*Samuel Seabury* for appellant. The motion for a new trial upon the ground of newly-discovered evidence, made after conviction, but before affirmance of judgment, and before the case or bill of exceptions is made, should be included in the judgment roll. (Code Crim. Pro. §§ 465, 466, 485, 517; *People* v. *Noonan,* 38 N. Y. S. R. 854; *People* v. *Mangano,* 29 Hun, 259; *Matthews* v. *Meyberg,* 63 N. Y. 656; *People* v. *Pscherhofer,* 64 Hun, 483.) The order denying the motion to resettle the case, or bill of exceptions on appeal, is appealable to the Court of Appeals, where the defendant has been sentenced to death. (Code Crim. Pro. §§ 517, 527; *Bigelow* v. *Davol,* 150 N. Y. 327; *Gleason* v. *Smith,* 34 Hun, 547; *Matter of Brady,* 69 N. Y. 215; *Hackett* v. *Belden,* 47 N. Y. 624; *People ex rel.* v. *Goff,* 52 N. Y. 434; *N. Y. R. Co.* v. *Rothery,* 112 N. Y. 592; 119 N. Y. 633; *Bohlen* v. *M. E. Ry. Co.,* 121 N. Y. 546; *Zimmer* v. *M. S. Ry. Co.,* 28 App. Div. 504.) The Court of Appeals has inherent power to direct that the judgment should be amended by inserting the motion papers for a new trial, on the grounds of newly-discovered evidence. (Code Crim. Pro. §§ 542, 543; *People* v. *O'Neile,* 13 N. Y. S. R. 231; *People* v. *Bradner,* 107 N. Y. 1.)

*Asa Bird Gardiner* and *Charles E. Le Barbier*, for respondent. The order is not appealable. (Code Crim. Pro. §§ 485, 517.) There is nothing in the statutory criminal law of this state authorizing an appeal from an order denying a motion to resettle a case. (*People* v. *Mangano*, 29 Hun, 259.)

VANN, J. On the 2d of May, 1899, the defendant appealed to this court from a judgment of death pronounced against him three days before. In June following he moved for a new trial on newly-discovered evidence, but the motion was denied by an order entered on the 20th of October. Subsequently his attorneys served a proposed case which, among other things, contained the affidavits and proceedings on said motion, but they were struck out on the settlement by the allowance of an amendment prepared by the district attorney. Thereupon the defendant moved, at a Special Term held by the justice who presided at the trial, for a resettlement of the case by disallowing such amendment and restoring said proceedings to the record. From an order denying said motion this appeal was taken, and the respondent now moves to dismiss the same.

We think the motion should be denied. The statute gives a person upon whom judgment of death has been pronounced the absolute right of appeal to the Court of Appeals in the first instance. (Code Crim. Proc. § 517.) It is the only method of review allowed by law in this important class of cases, except as the trial court may to some extent review its own action, as well as that of the jury, on a motion for a new trial founded upon errors committed before judgment is pronounced. (Code Crim. Proc. § 465.) The power to hear and decide an appeal in the first instance necessarily involves the right to settle the preliminary practice so far as it is not fixed by statute. (*People* v. *Conroy*, 151 N. Y. 543, 547.) "As the right of review is absolute, so must be also the right to have a complete and accurate statement of the matters determined against a party." (*Gleason* v. *Smith*, 34 Hun, 547.) While the statute now provides that a case must be made and

settled upon an appeal to this court from a judgment of death, it does not provide any method of reviewing the action of the justice settling the case even for the most grievous error. This part of the practice is, therefore, left to be settled by the court, for it cannot be presumed that the legislature intended to give a remedy by appeal, as a matter of right, and yet permit it to be taken away, in effect, by the refusal of the trial justice to insert in the case an essential part of the evidence or a vital ruling upon the trial. As was said by Judge Earl in *Matter of Brady* (69 N. Y. 215, 220): "The right to review the decision of a single judge sitting at Special Term, in a matter affecting substantial rights, being general and fundamental, it must be deemed to exist, unless the intent to destroy it is expressed with great clearness." It is the policy of the law in all cases, both civil and criminal, to provide a truthful record of the proceedings at the trial for the use of the appellate court, and experience shows the necessity of supervision by that court of the method provided for the purpose. (*New York Rubber Co.* v. *Rothery*, 112 N. Y. 592; *S. C.*, 119 N. Y. 633.) In *People* v. *Conroy* (*supra*) we held that we had power to require a correct copy of the evidence, rulings and charge to be furnished for the purpose of the appeal in a capital case. We declared that " this power exists by necessary implication, as the right to hear the appeal involves the right to require such a record to be presented as the law commands. * * * As the printed records are required to be furnished to us for official action, we necessarily have the right to determine, upon a proper application and the full presentation of the facts, whether they have been prepared and printed according to law." The method of correcting errors upon the settlement of a case is a matter of practice which is under our control. We might entertain a motion to resettle the case, ourselves, but that would be inconvenient and would take time that is needed for the regular business of the court. It is better to follow the practice prevailing in civil and in other criminal cases by taking cognizance of an appeal from an order of the Special Term. (*Bige-*

*low* v. *Davol*, 150 N. Y. 327.) While the statute does not, in terms, provide for such an appeal, the power to settle the practice governing appeals is necessarily committed to us as incidental to the power to hear appeals. We think that implied authority has been conferred upon us to supervise the action of the trial justice in settling the case by hearing an appeal from an order denying a motion for a resettlement.

It is, therefore, necessary to decide the appeal, which presents an important question never decided by this court, although once considered by it before the statute was in its present form. (*People* v. *Hovey*, 93 N. Y. 651.) When the Code of Criminal Procedure was passed, writs of error and of certiorari in criminal actions were abolished and an exclusive method of review by appeal substituted. (§ 515.) No jurisdiction was conferred upon this court to review any criminal case, except upon an appeal from a judgment of the Supreme Court, which was authorized to review in the first instance judgments of conviction after indictment, and upon the appeal to review " any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section 485." (§ 517.) Power to review the judgments and certain orders of the intermediate appellate court, including " a final determination affecting a subtantial right of the defendant," was expressly conferred upon the Court of Appeals. (§ 519.) At that time section 485 provided, as it does now, that the clerk " must, upon the service upon him of notice of appeal, immediately annex together, and file the following papers, which constitute the judgment roll." Then followed seven paragraphs enumerating the papers, which are the same in substance as are now required for the purpose. Said section then contained no other provision. It was provided by earlier sections that the bill of exceptions must be prepared and settled at the trial, unless the court otherwise directed. (§§ 456–460.)

This was the law until 1887, when the legislature made an important change in our jurisdiction by providing that an appeal from a judgment of death must be taken directly to

the Court of Appeals, without any intermediate review. (L. 1887, chap. 493.) This change was accomplished by amending sections 485 and 517. The amendment of the latter was by inserting after the provision for an appeal to the Supreme Court these words : " Except that when the judgment is of death the appeal must be taken direct to the Court of Appeals." The former section was amended by adding paragraph 8, which required the clerk, " when the judgment is of death \* \* \* to cause to be prepared and printed the number of copies of *the stenographer's minutes and judgment roll* which are required by the rules of the Court of Appeals, which shall form the case and exceptions upon which the appeal shall be heard."

The practice thus established was criticised by us in *People* v. *Shea* (147 N. Y. 78) and *People* v. *Conroy* (151 N. Y. 543), and in 1897 another change was made. (L. 1897, chap. 427.) Section 458 was so amended as to require a case to be prepared, settled and signed " as prescribed in the general rules of practice." Paragraph 8 of section 485 was so changed as to provide that, " when the judgment is of death, the clerk, upon the settling and filing of the case, must forthwith cause to be prepared and printed, and forwarded to the clerk of the Court of Appeals, the number of copies of the *judgment roll* which are required by the rules " of this court. The earlier part of the section relating to the duty of the clerk to prepare a judgment roll when a notice of appeal was served upon him was left unchanged, and no change was made as to the contents of the judgment roll, which now, as formerly, consists of minutes of challenges interposed by the defendant to a grand or trial juror and the proceedings and decision thereon ; a copy of the indictment with minutes of the trial and judgment, and, " 6. A copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment. 7. The case, if there is one."

These changes in the statute show that the legislature, by striking out the provision relating to the printing of

the stenographer's minutes, and directing the clerk to print
the judgment roll only, intended that the judgment roll should
contain the case, if any, as otherwise the clerk would simply
print the judgment roll without the case containing the evi-
dence, charge and the rulings upon the trial.   This would
present nc record of the proceedings at the trial, except the
rough minutes of the clerk.   There would be nothing to
enable the court to pass upon challenges interposed either to
grand or trial jurors.   The exceptions taken to the rulings of
the court relating to evidence and to the charge would not
appear, and there would be nothing in the record that the
court could review.   It would still be necessary to have the
case printed and furnished.   The same section provides that
the expense of printing the judgment roll shall be a county
charge, yet, unless the judgment roll contains the case, the
greater expense of printing the latter would be thrown upon
the defendant.   The legislature did not intend to have two
separate records presented for the purpose of the appeal, one,
the judgment roll printed by the clerk, and, the other, the case
printed by the defendant.   We think that, whenever the case
is filed, even if it is after the judgment roll has been made up
in the first instance, it becomes by operation of law a part
thereof, and should be attached thereto in accordance with
the general practice.

　Under the statute we have jurisdiction to review judg-
ments rendered on conviction after indictment, "and, upon
the appeal, any actual decision of the court in an intermediate
order or proceeding forming a part of the judgment roll
* * * may be reviewed." (§ 517.)   Any intermediate
order or proceeding, therefore, which is required by law to be
a part of the judgment roll is brought before us for review
by virtue of the notice of appeal from a judgment of death.
Two tests are thus provided, first, the order or proceeding
must be a part of the judgment roll, and, second, it must be
an intermediate order.   (§ 517.)   According to section 485 a
copy of the minutes of any proceedings upon a motion for a
new trial is required to be a part of the judgment roll.   What

is the object of this requirement unless it is, in connection with section 517, to give the court jurisdiction to review the proceedings upon a motion for a new trial? All the other papers in the judgment roll are the subject of review by us, although the minutes of the clerk relating to challenges to jurors and his minutes of the trial need to be expanded by a case before any intelligent review is possible. The material evidence given upon a challenge to a juror is put into the case so that the exceptions to the decision relating to the challenge may be reviewed. It is an appropriate and necessary part of the case if any question relating to the jurors, either grand or trial, is to be presented. In the same way the case, which, as we have seen, is a part of the judgment roll, may be expanded by including the evidence and proceedings upon a motion for a new trial, so that the order denying it may be reviewed. The statute does not confine the judgment roll to a copy of the minutes of proceedings upon a motion for a new trial founded upon the minutes of the presiding justice, but is general in form and necessarily includes a motion for a new trial founded upon newly-discovered evidence made under section 465.

An intermediate order, within the meaning of section 517, is not confined to orders made between the finding of the indictment and the preparation of the judgment roll in the first instance. The word "intermediate" as thus used means between the finding of the indictment and the completion of the judgment roll by the attachment of the case thereto whenever it is filed. As a judgment roll need not be made up at all unless a notice of appeal is served, it is apparent that the object of preparing the roll is to make a record to present to the appellate court. (§ 485.) The judgment is entered upon the record kept by the clerk, and this is sufficient for its enforcement and for all purposes, unless an appeal is taken. Hence, if all the papers which the statute says shall be a part of the judgment roll are not on file when it is first made up, they become a part of it when filed, and the word "intermediate" is limited only in this way.

A motion for a new trial upon newly-discovered evidence may now be made in a capital case at any time before execution, although formerly it was restricted to any time before judgment. (L. 1887, ch. 534, § 466.) Unless it is made and decided in time to include the proceedings in the case, the order denying the motion cannot be reviewed. The right is lost, the same as many other rights in legal proceedings are lost, by delay. When, however, it is made in time to have the affidavits become a part of the case, we think the legislature intended that the order might be reviewed at the instance of the defendant, for it is only his right of appeal that we have considered. The right of appeal by the People is much more restricted. (§ 518.) Such a motion may be of the utmost importance, and while it should be granted with caution, if an overwhelming case is made by the defendant and the motion is denied, there should be a right of review, yet no method is provided, unless as thus stated.

The legislature provided that a copy of the minutes of the proceedings upon a motion for a new trial should be a part of the judgment roll; that the case should also be a part of the judgment roll; that the judgment roll should be printed and furnished us as the record upon which the appeal should be heard and that we should review, as an incident to the appeal from the judgment of death, any decision of the trial court in an order or proceeding forming a part of the judgment roll. This makes it our duty to hear the appeal, as was plainly intimated by Judge ANDREWS under a statute less favorable to the defendant when he said in *People* v. *Trezza* (128 N. Y. 529): "There is no statute provision authorizing an appeal from an order denying a new trial, *except as incident to an appeal from the judgment.*" The court then had before it an appeal simply from an order denying a motion for a new trial on account of newly-discovered evidence. Such appeal was brought after the principal appeal had been decided and the judgment of death affirmed, and the court refused to decide it because it was brought too late.

The same result was reached in *People* v. *Mayhew* (151

N. Y. 607, 610), where the appeal was taken after the judgment of death had been affirmed. Judge BARTLETT, speaking for the court, quoted the above sentence from the opinion in *People* v. *Trezza*, and referring to section 485 said : " This section contemplates that the motions for a new trial and in arrest of judgment will be made before the final appeal and heard in this court as intermediate orders which constitute a part of the judgment roll." (See, also, *People* v. *Noonan*, 38 N. Y. S. R. 854, 857; *People* v. *Mangano*, 29 Hun, 259, 264, and *People* v. *Schad*, 58 Hun, 571.)

The motion to dismiss the appeal should be denied, the order appealed from reversed, and the papers relating to the motion for a new trial upon the ground of newly-discovered evidence inserted in the case.

O'BRIEN, BARTLETT and LANDON, JJ., concur; MARTIN, J., concurs in result; PARKER, Ch. J., and HAIGHT, J., not voting.

Motion denied, etc.