Charles Spitzer, Appellant, *v.* New York Central Railroad Company, Respondent.

Fourth Department, January 7, 1925.

Railroads — crossing accidents — action for personal injuries and damage suffered when defendant's train struck plaintiff's motor truck at crossing — plaintiff approached crossing at acute angle — view was somewhat obstructed — engineer could not see plaintiff — error to charge at defendant's request that fireman had right to assume that plaintiff would stop or turn into intersecting highway — if plaintiff's conduct indicated to engineer or fireman that plaintiff was not aware of approach of train, they should have exercised precaution.

In an action to recover damages for personal injuries suffered by the plaintiff and for injuries to his motor truck when a train on defendant's railroad struck the motor truck at a crossing, in which it appears that the plaintiff approached the crossing at an acute angle, that his view was obstructed to some extent, and that the engineer, by reason of his position in the engine cab, could not see the plaintiff as he approached the track, it was error for the court to charge, at the request of the defendant, that under the circumstances of the case, the fireman had a right to assume that the plaintiff would either stop before coming upon the track or turn into an intersecting highway between the plaintiff and the track. The error consists in the assumption, as a matter of law, that either an adequate warning signal had been given or that the plaintiff had ample opportunity to ascertain, either by looking or listening, that a train was approaching, and that he must not go upon the crossing; these were questions of fact for the jury, and the court did not have the authority to say positively that, under the circumstances, the fireman had any such right as that stated in the charge.

If the plaintiff was proceeding toward the track under such circumstances that he was not apprised of the approach of the train, but was apparently unaware and unconscious of the danger, and was in a position of peril, and it was obvious to the engineer or fireman, and they did observe that the plaintiff's conduct rendered a collision likely to occur should the train proceed without further signal, it became the duty of the engineer or fireman, knowing these facts, to take such precaution as was necessary to prevent a collision, and as would be suggested by ordinary prudence, either by giving additional signals or by checking the train, or both.

Appeal by the plaintiff, Charles Spitzer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 30th day of April, 1924,

upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the plaintiff's motion for a new trial made upon the minutes.

*Hamilton Ward*, for the appellant.

*Rann, Vaughan, Brown & Sturtevant* [*Raymond C. Vaughan* of counsel], for the respondent.

DAVIS, J.:

The plaintiff on July 21, 1921, sustained personal injuries and injuries to his property as a result of a collision between his automobile truck and defendant's train, at a railroad crossing of the " Youngstown " road in the town of Wilson, Niagara county; and brought this action to recover damages therefor.

On the trial where the questions of whether adequate signals were given and plaintiff's contributory negligence were the chief issues in dispute, the jury rendered a verdict for the defendant. Judgment was duly entered and plaintiff's motion for a new trial was denied.

This appeal is presented on a bill of exceptions wherein it is agreed that conflicting evidence was given by the respective parties on the questions just stated, so that the jury could properly have found a verdict for either party. The error assigned is in the instructions given to the jury. The court had very fairly and correctly presented to the jury the questions at issue and the rules of law applicable thereto so a verdict depended upon the view taken of the evidence. No exception to the charge was taken by either counsel, but defendant's counsel made the following requests: " I ask your Honor to charge the jury that there was no duty imposed upon the fireman when he first saw the plaintiff to notify the engineer to sound a whistle or apply his brakes and that no such duty was imposed upon the fireman until he saw or ought to have seen, in the exercise of reasonable care, that the plaintiff was to go upon the crossing. The Court: I so charge. [Defendant's counsel] I ask your Honor to charge the jury that under the circumstances of this case the fireman had a right to assume that the plaintiff would either stop before going upon the track or turn into the North Beebe Road. The Court: I so charge." (The North Beebe road was one that left the Youngstown road and crossed the track at a right angle.) Plaintiff's counsel took an exception and then after another request had been made by defendant's counsel (not important here) plaintiff's counsel said: " I have just one more request in view of your Honor's charge: That if adequate warnings of the approach of this train had not been given up to the time the fireman saw the plaintiff on the

highway, it was then the duty of the fireman or of the engineer to give immediate warning. The Court: No, I think I will decline that and give you an exception."

It appears from the recitals in the charge, the exhibits and certain testimony which are a part of the record, that the plaintiff was driving slowly toward the crossing in question at an acute angle with the track so that the train would be approaching somewhat from the rear. There was a cab over the seat where the driver was sitting, making it difficult in operating the truck to look back and see what was approaching on the track. As he drove toward the crossing there were evidently an orchard and some buildings between him and the track to the rear, obstructing his view somewhat, although it was possible to see at certain places had he there looked out. It was his duty to exercise ordinary vigilance and care, but this was a case where timely signals properly given were important and might be of great assistance in warning him of his danger.

It appears that the engineer was not in a position to see the plaintiff, but the fireman did see him and observed the conditions as the latter slowly approached the track. The fireman observed that plaintiff continued at about the same rate of speed but he did not notify the engineer to blow the whistle, and it was not blown or the brakes applied until plaintiff drove on the track when the train was about fifty feet away — too late either to give warning or avert the accident.

The first request may have been technically correct in that there was perhaps no duty imposed upon the fireman to notify the engineer to sound a whistle or apply his brakes when he *first* saw the plaintiff.

The second request is much more open to question. To charge the jury that " under the circumstances of this case the fireman had a right to assume that the plaintiff would either stop before going upon the track or turn into the North Beebe Road," is in effect to assume as a matter of law that either an adequate warning signal had been given or that plaintiff had ample opportunity to ascertain either by looking or listening that a train was approaching and that he must not go upon the crossing. These were questions of fact for the jury and the court was not authorized to say positively that under the circumstances of this case the fireman had any such right. The duty of defendant was to run its train with care and caution at the crossing and give due warning by whistle or bell or in some other way. (*Vandewater* v. *New York & N. E. R. R. Co.*, 135 N. Y. 583, 588.) The degree of care on the part of both parties would vary according to circumstances which, under the evidence, were in dispute. (*Weber* v. *New York Central, etc.*,

*Co.,* 58 N. Y. 451, 462.) The plaintiff had the right to travel the highway and cross defendant's tracks, exercising ordinary care to see that the way was safe, and in exercising such care he had the right to rely on performance by defendant of its duty, as stated in the charge of the learned trial court, " to give these warnings, at a reasonable time and in reasonable volume, to apprise the travelers upon the highway of the approach of the train."

If plaintiff was proceeding toward the track under such circumstances that he was not apprised of the train's approach, but was apparently unaware and unconscious of the impending danger and was in a position of peril which was obvious; and the fireman or engineer could see that his conduct rendered a collision likely to occur should the train go on without further signal, it became the duty of the engineer or fireman, knowing these facts, to take such precautions to avoid a collision as would be suggested by ordinary prudence, either to give further signals, check the speed of the train or make reasonable effort to stop if necessary. (*Bump* v. *New Haven & H. R. R. Co.,* 38 App. Div. 60; affd., 165 N. Y. 636; *Dorr* v. *Lehigh Valley R. R. Co.,* 211 id. 369, 374; *Emens* v. *Lehigh Valley R. R. Co.,* 223 Fed. 810; *Vigil* v. *Atchison, T. & S. F. R. Co.,* 261 id. 313; *Weiss* v. *Great Northern R. Co.,* 119 Minn. 355.)

The plaintiff might not have been entitled to the charge requested without the further assumption in effect that the fireman had reason to believe that plaintiff was in imminent peril. But the request was, of course, hastily formed in view of what the court had charged at defendant's request. We must consider the three requests together, and the inference which the jury might draw from granting or refusing the instructions asked.

Defendant's counsel now urges with great plausibility that his requests were properly charged and that they have a meaning different from that we have given them, and that it was not the province of the court to instruct a jury what warning should be given or at what place. No matter how the language may be construed after careful analysis, jurors are not accustomed to subtle refinements of language, and could not well escape the impression that under the circumstances the fireman and engineer owed no further duty to plaintiff, whether any previous signal had been given or not, or whether the plaintiff had been reasonably vigilant and careful. In any event, as we view it, the instructions given and refused, taken as a whole, would tend to confuse and mislead the jury theretofore properly instructed as to the duty of each of the parties. (*Bunn* v. *Delaware, L. & W. R. R. Co.,* 6 Hun, 303; *Altreuter* v. *Hudson R. R. Co.,* 2 E. D. Smith, 151.)

The jury may have found against plaintiff, either on the ground of his contributory negligence or the lack of negligence of the defendant. We cannot say upon what theory the verdict is based. But these instructions were the last words given them before beginning their deliberations. If confusing or erroneous, then the jury might have been misled to the prejudice of plaintiff's rights. (*Burd* v. *Bleischer*, 208 App. Div. 499, 502.)

For the reasons stated the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.