WILLIAM E. MARTIN, Respondent, v. JAMES H. DONNELLY and Others Appellants.

Third Department, April 5, 1928.

Appeal — case on appeal — error to permit plaintiff, respondent, to amend case so as to include objections, adverse rulings, his exceptions, and evidence struck out on defendants' motion — practice violates Rules of Civil Practice, rule 232, and Civil Practice Act, § 576.

It was error for the court to permit the plaintiff, the respondent, to amend the appellants' case on appeal from a judgment entered upon a verdict of a jury by inserting therein voluminous objections, with rulings adverse to plaintiff, his exceptions, and evidence struck out on motion by the defendants.

This practice violates rule 232 of the Rules of Civil Practice when read in connection with section 576 of the Civil Practice Act, which section provides that a case must contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised.

APPEAL by the defendants from an order of the County Court of the county of Rensselaer, entered in the office of the clerk of said county on the 26th day of January, 1928, as amended by an order entered on the 30th day of January, 1928, and also from said order entered on the 30th day of January, 1928, as amended by an order entered on the 1st day of February, 1928.

*Thomas F. Galvin*, for the appellants.

*James Farrell*, for the respondent.

PER CURIAM. The defendants appealed to this court from a judgment of the Rensselaer County Court, entered on a verdict in plaintiff's favor. They prepared and served a proposed case. The plaintiff proposed amendments which included the insertion of voluminous objections, with rulings adverse to plaintiff, his exceptions, and evidence struck out on defendants' motion. The result of the trial has established the law of the case for plaintiff who has not appealed.

23

Plaintiff seeks to justify the insertion of this mass of immaterial matter in the record by the literal application of rule 232 of the Rules of Civil Practice, which says: " A case shall contain all the evidence by question and answer, the rulings of the court and the exceptions of all parties to the record  *  *  *."

His contentions are too narrow. He overlooks the provisions of section 576 of the Civil Practice Act which provides that " A case  *  *  *  must contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised thereby, and also the exceptions taken by the party making the case  *  *  *." It is sufficient, therefore, in making up a case, that the appellant include the material parts of the testimony with objections taken by him, the adverse rulings and his exceptions. The appellate court is not concerned with matters which affect only the respondent who is not aggrieved by the decision. Unnecessary expense in printing is incurred, and the court is burdened in its labors if the record is incumbered with matter in no way related to the questions to be decided. The rule relied on was never intended to require the printing of all the testimony where but one party was appealing. (*Derby* v. *General Electric Co.,* 208 App. Div. 529, 531.) On cross-appeals the rule would have application, but even then counsel would have imposed upon them the duty to include only the material testimony; and they may agree upon a brief statement of the facts. (Rules Civ. Prac. rule 230.) It is possible also on an appeal from a judgment rendered on a trial before the court without a jury or a referee that other matter might be included on the theory that the appellate court may make new findings in affirming or reversing wholly or in part or in modifying a judgment, and render a new judgment under the provisions of section 584 of the Civil Practice Act. In such case the trial court would have wide discretion in permitting amendments including matter favorable to the respondent. That is not the situation here, when there has been a jury verdict.

The order should be reversed on the law, with ten dollars costs and disbursements, and the matter remitted to the Rensselaer county judge to resettle the case in accordance with this opinion.

VAN KIRK, P. J., HINMAN, DAVIS, HILL and HASBROUCK, JJ., concur.

Respondent's motion to dismiss appeal denied, with ten dollars costs. Order reversed on the law, with ten dollars costs and disbursements, and the matter remitted to the Rensselaer county judge to resettle the case in accordance with the opinion.