MAUD L. MORAN, Appellant, v. RAINBOW APPLIANCE CORPORATION, Respondent.

ROBERT T. MORAN, Appellant, v. RAINBOW APPLIANCE CORPORATION, Respondent.

Fourth Department, March 13, 1929.

*Ward, Flynn, Spring & Tillou* [*Dana L. Spring* of counsel], for the appellants.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondent.

CROUCH, J. The actions are by the wife to recover damages for personal injuries, and by the husband for loss of services.

Plaintiff wife was employed by the Niagara Electric Service Corporation of Niagara Falls to demonstrate a mangle manufactured and sold to the Niagara Company by the defendant. The injury was sustained while operating the mangle. Recovery is sought solely on account of alleged negligent design of the mangle, there being no claim of negligence in construction or in materials used. The actions were tried together and resulted in a verdict of no cause of action in each case. Thereupon a motion was made for a new trial upon the ground, in substance, that defendant's counsel had been guilty of misconduct on the trial in the examination of certain witnesses, and by improper references to the fact that plaintiff, under the Workmen's Compensation Law, was entitled to compensation from her employer. The motion was denied. Plaintiffs appealed from the judgment and the order denying a new trial.

Appellants, desiring a review on the sole ground of error arising from the alleged misconduct above referred to, prepared and served a proposed bill of exceptions. It contains a literal transcript of so much of the record only as bears directly on the error assigned. So far as the balance of the record appears at all, it is in the usual and characteristic form of condensed statements. Respondent proposed numerous amendments, which embrace substantially a complete transcript of the stenographer's minutes. The order appealed from settled the bill of exceptions by allowing all of the proposed amendments.

An examination of the proposed bill of exceptions discloses no exception which raises a question of law. Nor would such a question have been raised by the denial of a motion to withdraw a juror. (*Chesebrough* v. *Conover*, 140 N. Y. 382, 388; *Cattano* v. *Metropolitan Street R. Co.*, 173 id. 565, 572; *Sarconi* v. *122 W. 26th St. Corp.*, 241 id. 340.)

Since there is no question of law to be reviewed, a bill of exceptions is inappropriate. (Rules Civ. Prac. rule 232; *Grobert Realty Co., Inc.*, v. *Dorf Bros. & Co., Inc.*, 118 Misc. 856; *Derby* v. *General Electric Co.*, 208 App. Div. 529, 532.)

The question which appellants seek to bring up is, however, subject to review in the Appellate Division under its power to deal with the facts. (*Regan* v. *Frontier Elevator & Mill Co.*, 211 App. Div. 164; *Zimber* v. *Kress*, 225 id. 16.)

But errors of fact must be reviewed on a case, not upon a bill of exceptions. The difference, however, is now largely one of name. It would tend to simplify appellate procedure if the term "bill of exceptions" was eliminated, as was once thought to have been done. (See Throop's Code Civ. Proc. [1877] § 997, note.)

A bill of exceptions is the traditional form of record upon which to review questions of law alone. Where questions of fact either alone or coupled with questions of law are to be reviewed, the appropriate form of record is a case. The distinction between the two forms of record has often been said to be that a case must contain all the evidence, while a bill of exceptions should contain only so much of the evidence as is necessary to present the questions of law to be raised. The literal language of rule 232 of the Rules of Civil Practice lends color to that view. Nevertheless, it is not so. This court in *Derby* v. *General Electric Co.* (*supra*) took occasion to point out in a carefully considered opinion that a case need not necessarily contain all the evidence and other proceedings on the trial. All that is required, or indeed, permitted, is so much only thereof as is material to the questions to be raised. Nor do the rules necessarily require that what is included shall be by question and answer, for with the approval of the judge the parties may agree on any facts proven, to be inserted instead of the testimony. The substance of the evidence omitted as immaterial may be included in a brief statement. (Rules Civ. Prac. rule 230.) These rules apply alike to a bill of exceptions and to a case. Neither the one nor the other should contain any more of the evidence and other proceedings on the trial than is material to the questions to be raised. (See, also, *Martin* v. *Donnelly*, 223 App. Div. 353.)

It is important that trial judges and lawyers should appreciate that fact. Now, as in the days of *Howland* v. *Woodruff* (60 N. Y. 73, 77), we are beset by "machine-made cases." As ALLEN, J., there said: "Stenographers have taken the place of the attorneys whose duty it is to prepare, and of the counsel whose duty it is to peruse and examine, and of the judge who should settle cases and exceptions for the purpose of review."

To the end that the record in this case should bear a technically correct name and should be carefully and methodically prepared, we are disposed to reverse the order as made and to remit the parties to the court below, there to agree upon or to settle a case.

Since substantially the same questions which have been argued here will arise in connection with that settlement, it may be useful to discuss the matter briefly.

In preparing the proposed case, the burden rests upon appellant to see that it contains all the evidence that may fairly be said to be

material, not only from his own standpoint, but from that of his adversary, and, equally important, to see that it contains nothing more. The opinion in *Derby* v. *General Electric Co.* (*supra*) gives one illustration. Others may be found in the printed records of *Spitzer* v. *New York Central R. R. Co.* (211 App. Div. 332) and *Reid* v. *Josephs* (213 id. 846). Upon the respondent rests the burden of checking up the proposed record not only as to what it omits but also as to what it contains. Finally, it is the duty of the trial judge, in settling the case, to pass liberally but not too liberally upon the materiality of the portions of the record proposed by both parties. What is material to a question is generally only the evidence which bears upon it more or less directly within the limits of reasonable argument. For instance, if the question was the weight of the evidence on issues of negligence and contributory negligence, all of the evidence on those issues would be material. If the question was the admissibility of some particular bit of evidence under sections 346 and 347 of the Civil Practice Act, little, if any, more than the specific questions, with the objections and rulings thereon, and the answers, if any, would be material. And ordinarily the same would be true on any question of law arising on evidential rulings or in connection with the charge to the jury and on any question of fact which might have been a question of law had a proper request for a ruling been made. (See *Cattano* v. *Metropolitan Street R. Co.*, *supra*.) But even in those instances no hard and fast rule may be laid down. Each case must be dealt with on its own facts. Colloquies between court and counsel, unless directly involved in a charge of misconduct, should generally be omitted. For instance, at the opening of the trial here a motion was made to dismiss the complaint for insufficiency. The question thus raised was unusual. The ensuing discussion between the trial judge and both counsel covers upwards of thirty pages of the minutes. When the case comes up, that question will be carefully briefed and argued. The colloquy below will be useless. Because the question at issue was unusual, the learned trial judge all through the long trial felt his way to his rulings with admirable caution. These discussions cover many pages and are not material on appeal. Neither, it may be added, are the passages which record the *ad hominem* by-play of trial counsel, not involved in an actual charge of misconduct.

The respondent insists that the evidence in its entirety by question and answer must necessarily be before the appellate court for two broad reasons: *First,* to show that under all the circumstances the conduct of counsel was not improper; *second,* to show that even though it was, the error was not prejudicial.

1. The contention here is and must be that the questions which

evoked the otherwise irrelevant matter relating to the existence of compensation insurance were competent and material in connection with the defense, and that the statements made by counsel in opening the case to the jury were justified in view of what he knew could properly come into the trial. (*Di Tommaso* v. *Syracuse University*, 172 App. Div. 34; affd., 218 N. Y. 640.) It would be a most unusual case which made necessary the printing of all the evidence to enable the court to determine whether a particular question or series of questions was competent and material as bearing upon the credibility of a witness and the weight of his testimony; or was justified because the other party had, by some particular evidence, opened the door to it; or was competent to show that a machine, such as the mangle here, had been tampered with between the time of the accident and the trial; or to show that certain witnesses, who might otherwise have been sworn, had been interfered with and thus rendered unavailable. To determine such questions, all of which are urged here, and others of like nature, the particular portions of the record which bear directly on the point are alone material.

2. But the respondent says that even though counsel's conduct amounted to error in fact, it was not prejudicial. Since appellants are claiming that there was reversible error, the case made should contain a record sufficient to show both error and prejudice. In any event respondent, in support of its judgment, is entitled to have the point considered on an adequate record. What will constitute adequacy for this purpose will of course depend upon the particular case. Here respondent in its brief says the question of prejudice " depends upon the fundamental question of liability " because " this court will not reverse * * * if the plaintiff has not stated or has not proved a *prima facie* case." In other words, if the complaint which alleged negligence only in the design of the mangle did not as matter of law state a cause of action; or if, assuming that a cause of action was stated, plaintiffs failed to adduce proof of negligence in the design sufficient to go to the jury, then, since the questions were properly raised by motions on the trial, this court will give the judgment which the trial court should have given and affirm. That is clearly the law. (Civ. Prac. Act, § 584; *Middleton* v. *Whitridge*, 213 N. Y. 499; *Logan* v. *Guggenheim*, 230 id. 19.)

But the entire evidence is not necessary for a review on that theory. The complaint, the motion to dismiss, the ruling thereon and the exception are all that is required on the question of the sufficiency of the pleading. As to the sufficiency of the proof, the case needs to contain only enough of the record to show that there was some evidence in the plaintiff's favor presenting questions

of fact on the issues tendered. (*Carlisle* v. *Norris*, 215 N. Y. 400, 403.)

Respondent also contends that the entire evidence is necessary since without it the court cannot say within reasonable probabilities that, had the error not occurred, the result of the trial would have been more favorable to appellants. It is obvious that the same contention could be made in the case of every appeal based upon error of law or fact. It may be conceded that sometimes an error which might lead to a reversal in a case where the evidence is nearly balanced would be disregarded in a case where the evidence strongly preponderated in favor of the successful party. Where, upon the settlement of a case, such a claim is made one way or the other, it is the duty of the trial judge to exercise a reasonable but guarded discretion. He will have in mind the biased eye of counsel viewing his own evidence and that of his adversary. He will also recall the tendency to make an appeal expensive for the other side. He should take into consideration the nature of the particular error alleged, for, as matter of common learning, some errors on their face go to the very essence of a controversy, while others may or may not. He will consider the state of the proof and say whether, within any reasonable probability, the error affected the result. If he thinks it did not, he will exclude the evidence. Otherwise he will permit it to be included so far as it is necessary fairly to present the probabilities under the proof. That means that the essential, relevant and material testimony only should appear, separated from the mass of irrelevancies that often fill the pages of the minutes.

In the present case, if we understand respondent's claim, it is that under all the evidence the error, if any, was not prejudicial because plaintiff failed to adduce any substantial proof to show a defect in design and its own proof conclusively showed there was none. Hence the verdict was inevitable. This seems to be but a variation of the contention made in connection with the motion for a direction of a verdict.

What has been said above is no more than an elaboration of what was said in the *Derby* case five years ago. In this department at least it should by now be familiar procedural law. It is not to be taken as a mere counsel of perfection. Failure to comply with it in letter and in spirit leads, upon an appeal from the order of settlement, to the imposition of unconditional costs. And in the case of any printed record filed in this court where the failure to comply is gross, the consequences may be much more serious. (Cf. *Barber Asphalt Paving Co.* v. *Standard Asphalt & Rubber Co.*, 275 U. S. 372; 72 L. Ed. 318.)

The order should be reversed, with ten dollars costs and disbursements and the matter remitted to be dealt with as suggested in this opinion.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

In each case: Order reversed, with ten dollars costs and disbursements, and matter remitted without prejudice to proceed *de novo* in accordance with the opinion.