THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CORNELIUS JAMEISON, Appellant.

(Argued October 6, 1932; decided November 22, 1932.)

*Arthur F. Simonson, Edwin M. Stanton* and *Emil M. Haas* for appellant.

*Thomas C. T. Crain, District Attorney (Robert C. Taylor* of counsel), for respondent.

HUBBS, J. An examination of the record in this case discloses that a fair question of fact existed, which was settled by the verdict of the jury. The record does not disclose any legal error which requires a reversal or discussion. We would be content to affirm the judgment of conviction, as the law requires us to do in the absence of legal error where the defendant has had a fair trial, without an opinion, were it not for a question of practice, which does not affect the defendant, but is of importance to the taxpayers of the State.

A great abuse has grown up in printing records on appeal in criminal cases, particularly in homicide cases. One hundred and eighty-five pages of the record in this case are taken up with the printing of the record of the examination of talesmen. In three other homicide cases pending in this court the records disclose even a larger

waste of public funds for printing. In one, 244 pages are devoted to a record of the examination of talesmen; another 307 pages and the other 360 pages. In all four cases not a single question was raised in regard to the jury, the method of its selection or the qualification of the jurors selected. All of the expense of printing the record of the examination of talesmen in those cases was absolutely wasted, besides placing an unnecessary burden on the court.

Appeals in criminal cases must be heard on the judgment roll. Section 485 of the Code of Criminal Procedure provides just what shall be included in the judgment roll. Subdivision 3 is the only provision referring to the inclusion therein of the record of examination of a juror. It reads: " 3. A copy of the minutes of a challenge, which may have been interposed to the panel of the trial jury, or to a juror who participated in the verdict, and the proceedings and decision thereon; "

Authority for the clerk to include in the judgment roll the copy of the minutes of the examination of jurors exists only where there has been a challenge to the panel of trial jurors or to a juror who participated in the verdict. A clerk who causes to be printed in the judgment roll a detailed record of the examination of all talesmen does so in direct violation of law, and has no right to recover from the county the cost of printing the same. Neither has the printer the right to recover for such printing. A certificate of a County Clerk certifying the necessary expenses of preparing and printing a judgment roll which includes a charge for printing such unnecessary matter is made in violation of law and should not be approved by a County Judge or Justice of the Supreme Court under subdivision 8 of section 485 of the Code of Criminal Procedure.

Cases may arise where a defendant may desire to review the legality of a ruling as to the qualification of a juror or the right to additional challenges (*People* v.

*Doran,* 246 N. Y. 409), or some other question affecting his rights where a more complete record may be required. In such cases an application may be made to the court for an order directing the County Clerk to print such additional parts of the record as may be necessary to present the question fairly to the appellate court. (*People* v. *Priori,* 163 N. Y. 99.)

The Appellate Divisions of the State have undertaken to reform the practice of printing unnecessary matter in records on appeal in civil cases. (*Derby* v. *General Electric Co.,* 208 App. Div. 529; *Martin* v. *Donnelly,* 223 App. Div. 353; *Moran* v. *Rainbow Appliance Corp.,* 225 App. Div. 587.)

Much has been accomplished in that respect. The records which reach this court disclose, however, that much more may be accomplished in that direction. It is high time that this abuse in criminal appeals should be stopped. Appellate courts are not entirely helpless to stop this unjustified waste of public money. They may refuse to hear an appeal if the record is not printed as required by the statute. In cases where records are presented containing printed matter not permitted by law, they may call the attention of the District Attorney to the case with instructions to present the matter to a grand jury if the County Clerk has presented a certificate for the expense of such printing.

The judgment of conviction should be affirmed.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CROUCH, J., not sitting.

Judgment of conviction affirmed.