■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH DARLING, Appellant.— TAYLOR, J. Appeal by defendant, who specifically waives counsel, from an order of the County Court of Broome County denying a motion for a writ of error *coram nobis* without a hearing. On July 7, 1957 defendant was convicted of the crime of sodomy as a second offender and sentenced to a prison term of not less than 10 years and not more than 20 years. Upon appeal we affirmed the judgment of conviction (*People* v. *Darling*, 8 A D 2d 641, cert. den. 361 U. S. 875, 377 U. S. 972). We find, contrary to defendant's contentions, that his arraignment upon the information on a legal holiday did not deprive the court of jurisdiction (*People* v. *Chero*, 21 A D 2d 836); in any event the power of the Grand Jury to indict "regardless of what had occurred before the magistrate" is well settled. (*People ex rel. Hirschberg* v. *Close*, 1 N Y 2d 258.) Nor do we find merit in defendant's further thesis that there was undue delay in arraigning him upon the indictment or in bringing him to trial thereon (Code Crim. Pr., §§ 667, 668). His complaint that his statutory right to appeal from the conviction was denied

by the failure of the court stenographer to transcribe his notes of the proceedings in the drawing of the jury also affords no basis for *coram nobis* relief since the asserted error appeared upon the face of the record on appeal and, indeed, was one of the grounds urged by defendant upon his motion for reargument of the appeal. (*People* v. *Sadness*, 300 N. Y. 69.) Moreover, it appears from the Clerk's minutes of the examination of the jury that no juror challenged by defendant participated in the verdict. (See Code Crim. Pro., § 485, subd. 3; *People* v. *Jameison*, 260 N. Y. 134.) A tactical error on the part of defense counsel in the exercise of peremptory challenges, if such it was, is an insufficient ground for *coram nobis*. (*People* v. *Brown*, 7 N Y 2d 359.) Order affirmed. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.