Moe Solomon, Respondent, *v.* The Jacfin Company, Appellant.

Supreme Court, Appellate Term, First Department, March 28, 1933.

*Max Silverstein,* for the appellant.

*Norman S. Judenfriend,* for the respondent.

Per Curiam.  In opposition to motion to dismiss appeal from judgment of the City Court of New York, Bronx county, entered October 17, 1932, pursuant to notice of appeal served October 26, 1932, appellant shows it has been unable to obtain a transcript of the minutes of the trial from the official stenographer notwithstanding the order of the court below directing the furnishing of the transcript.  Appellant asks that the motion be denied, and as it is unable to procure the minutes that the judgment be reversed and a new trial ordered.

A similar situation was presented in *Lidgerwood Mfg. Co.* v.

*Rogers* (56 N. Y. Super. Ct. 350), and the court said: " It is within a comparatively short time that stenographers have been used for the purpose of taking notes of the evidence given on trials of actions, and before their use was adopted, counsel for the parties were compelled to prepare the case and bill of exceptions from their notes and recollection of the testimony of the witnesses, and the proceedings on the trial, and it is very certain that no court would have entertained an application for a new trial on the ground, that in consequence of the failure of counsel to remember the testimony they were unable to properly prepare the case or bill of exceptions. No authority is cited to us to show that a new trial was ever granted for such a reason." (See *Howland* v. *Woodruff*, 60 N. Y. 73, 77; *Martin* v. *Donnelly*, 223 App. Div. 353.)

" The plaintiff has not lost his remedy by appeal through the absence of the stenographer's minutes. If the parties cannot agree on a case on appeal, the court below has power to settle a case on appeal on its own recollection of the testimony, aided by affidavits of counsel. This is frequently done when the stenographer has died or his minutes have been accidentally lost or destroyed." (*Lehman-Bleyer Paper Co.* v. *Public Bank*, 166 N. Y. Supp. 707; and see *Taylor* v. *Allen*, 159 id. 699.)

A case need not necessarily contain all the evidence and other proceedings on the trial. All that is required is so much only thereof as is material to the questions to be raised. Nor do the rules necessarily require that what is included shall be by question and answer, for with the approval of the judge the parties may agree on any facts proven, to be inserted instead of the testimony. The substance of the evidence omitted as immaterial may be included in a brief statement. (Rules Civ. Prac. rule 230.) These rules apply alike to a bill of exceptions and to a case. Neither the one nor the other should contain any more of the evidence and other proceedings on the trial than is material to the questions to be raised. (*Moran* v. *Rainbow Appliance Corp.*, 225 App. Div. 587.)

If the case as proposed by the appellant does not fairly present the testimony the respondent may propose amendments, and it will then be the duty of the trial judge to settle the case.

Motion granted and appeal dismissed, with ten dollars costs, unless appellant procures the record on appeal to be filed on or before April twenty-first.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.