JACOB ADLER, Appellant, *v.* RUDOLPH CONFIELD and Another, Respondents.

Supreme Court, Appellate Term, First Department, November 26, 1935.

*Dane & Weinstein*, for the motion.

*Louis Rosenzweig*, opposed.

PER CURIAM. This is an action to recover damages for conversion. After plaintiff rested, the trial judge dismissed the complaint on the ground that plaintiff had brought a prior action against the respondent, expressly waiving in the complaint therein the tort for which damages are demanded in this action.

The return does not contain all the testimony given on the trial, but only so much thereof as is necessary to enable this court to review the ruling complained of.

By respondent's motion the court is asked to send the return back to the trial judge so that there may be incorporated therein all of the stenographer's minutes of the trial in accordance with section 161 of the Municipal Court Code. It is not claimed that the return as settled by the trial judge does not fully present the alleged error which appellant seeks to review.

While a literal reading of section 161 of the Municipal Court Code supports the contention of the respondent that the stenographer's transcript of the minutes should be included where testimony is taken on a trial, we think that the trial judge on the settlement of a case on appeal is not by those provisions deprived of the power to abridge the record so that the return shall contain so much of the evidence only as is material to the questions to be raised, thus reducing the expense incident to appeals and at the same time simplifying the issues for determination. (*Moran* v. *Rainbow Appliance Corp.*, 225 App. Div. 587; *Solomon* v. *Jackfin Co.*, 147 Misc. 215; *Matter of City of Rochester*, 234 App. Div. 647.)

Motion denied. Respondent's brief to be served and filed on or before December 2, 1935.

Present — LYDON, HAMMER and SHIENTAG, JJ.