ROSE FREITAG and Another, Appellants, *v.* THE FRANKLIN FIRE INSURANCE COMPANY and Others, Respondents.

Fourth Department, September 26, 1934.

*D. L. Jewell,* for the appellants.

*Hugh McM. Russ,* for the respondents.

PER CURIAM. Cases on appeal should be prepared and settled with all possible brevity in mind. This subject has been considered by this court in *Moran* v. *Rainbow Appliance Corp.* (225 App. Div. 587) and *Derby* v. *General Electric Co.* (208 id. 529, 533). In the instant case, which was an action upon a fire insurance policy, the court directed a verdict in favor of plaintiffs in the amount of an award which had been made pursuant to the policy. The plaintiffs, being dissatisfied, have appealed. After negotiations with counsel the court settled the case on appeal by including therein the stenographer's minutes of the trial with certain eliminations and corrections. Whatever may be the purport of the general rule that the certification by the judge settling a case on appeal must be to the effect that it " contains all the evidence," it is clear — with rule 230 of the Rules of Civil Practice and section 576 of the Civil Practice Act in mind — that the case here involved should comprise only so much of the evidence as fairly tends to show whether or not plaintiffs made out a *prima facie* factual case as to some amount of loss suffered by them in excess of the award made.

One mooted question before us is whether or not the case should contain any cross-examination of plaintiffs' witnesses. In *Ochs* v. *Woods* (221 N. Y. 335, at p. 340) it is stated (supported by certain Massachusetts opinions) that where a witness makes one statement in the course of direct examination and a contradictory statement in his cross-examination, there is a conflict of evidence to be disposed of by the jury. That decision was made in 1917. In 1921 section 457-a of the Civil Practice Act went into effect. This provides that a trial judge may direct a verdict when he would set aside a contrary verdict as against the weight of the evidence. This section has never been declared unconstitutional although doubt as to its constitutionality has been expressed. (*Schall* v. *Irwin*, 120 Misc. 573; affd., 212 App. Div. 834.) We are not prepared to say that the case on appeal here should contain nothing except testimony presented by plaintiff on direct examination. On the contrary, we are of the opinion that cross-examination of plaintiffs' witnesses which fairly tends to weaken the efficacy of the testimony of those witnesses in plaintiffs' favor as to material matters should be in the case.

The record shows that the trial court gave time and attention to properly settling the case. However, the argument disclosed and the record indicates that a considerable amount of immaterial and repetitious matter, *e. g.*, inconsequential colloquies and recitals, is included in the case which should be eliminated. In these days of enormous — often prohibitive — expense attending the preparation and presentation of papers on appeal we see particular reason for care in making a case on appeal as brief as is consonant with fairness to all parties.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the matter remitted for resettlement of the case.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and matter remitted for resettlement.