EDWARD H. O'HARA, Plaintiff, *v.* JOHN N. DERSCHUG, Defendant.*

Supreme Court, Onondaga County, August 5, 1935.

---

* See, also, 154 Misc. 1; 244 App. Div. 764; 156 Misc. 867.

*Bond, Schoeneck & King* [*Robert Dineen* of counsel], for the plaintiff.

*Hancock, Dorr, Kingsley & Shove* [*Benjamin E. Shove* of counsel], for the defendant.

DOWLING, J. On the 4th of June, 1935, the county clerk of Onondaga county taxed costs and disbursements in the above action in the sum of $6,103.58. On the 13th of June, 1935, plaintiff filed objections to certain items and moved for a retaxation. The clerk overruled the objections and retaxed the costs in the original amount. Plaintiff now moves for a retaxation. Upon such an application only the papers before the clerk can be considered (*Lyman* v. *Young Men's Cosmopolitan Club*, 38 App. Div. 220; *Crotty* v. *DeDion-Bouton M. Co.*, 102 id. 405).

Plaintiff seeks to have disallowed the following items,

"1. Fees on deposits of bonds in lieu of undertaking... $892 00
2. Stenographer's fees, copy.......................... 1,659 35
3. Printing case..................................... 2,883 98
4. Printing points................................... 368 95
5. Exhibits used on appeal........................... 658 45
6. Postage, express, storage and insurance on and for shipping records and briefs..................... 51 80
7. Witnesses' fees.

| Names | Residences | Number of Days Attended |
|-------|-----------|-------------------------|
| William C. Finneran | Syracuse, New York | 1 |
| Carl L. Amos | Syracuse, New York | 1 |
| W. H. Wiltsie | Syracuse, New York | 1 |
| Morris Tanner | Syracuse, New York | 1 |

8. Reservation by defendant of right to insert in his bill of costs such allowance, if any, as may be finally made pursuant to the application which defendant has made, and which is now pending; and for such other relief as may be just, with costs of this motion."

The only objection which merits consideration is the item of $892 for fees on deposit of bonds in lieu of undertaking. At the

time the appeal was taken disbursements incurred for procuring an undertaking on appeal to stay execution or disbursements incurred for staying the enforcement of a judgment on appeal were not taxable. By chapter 181 of the Laws of 1932, in effect Sept. 1st, 1932, and chapter 76 of the Laws of 1933, in effect Sept. 1st, 1933, subdivision 9-a of section 1518 of the Civil Practice Act was added and amended to cover this situation. Subdivision 9-a, as amended, reads:

" The reasonable expense actually incurred in securing an undertaking to stay execution under a judgment or to stay the enforcement of a judgment in any other manner or the enforcement of a decree in equity subsequently reversed."

Subdivision 9-a relates to two classes of judgments, namely, money judgments which may be *executed* by the issuance of an execution and judgments which can be *enforced* only by aid of the Court. That the Legislature intended this distinction is evidenced by the use of the words " execution " and " enforcement " which are not to be treated as synonymous.

On an appeal to the Appellate Division from a money judgment recovered in the Supreme Court execution may be stayed by giving the undertaking provided for in sections 594 and 615 of the Civil Practice Act. The *enforcement* of judgments other than for a sum of money can be stayed only upon order of the Court specifying the terms " as to security or otherwise, as justice requires " as provided in section 614 of the Civil Practice Act. We are concerned only with staying the execution of a money judgment.

Defendant elected to give a personal undertaking and to deposit security instead of giving a surety company undertaking.

Defendant maintains that the word " secure " as used in section 1518, subdivision 9-a of the Civil Practice Act means that a party is entitled to tax whatever expense he was put to " in getting or procuring or obtaining an undertaking which would stay execution under the judgment." Defendant admits, however, " that the word ' *securing* ' is not to be taken in the sense of pledging collateral as security for the undertaking." Construing the word " securing " as " procuring " as the Legislature intended, it is apparent that said item is not taxable. It cost defendant nothing to procure the undertaking given herein. The expense incurred was for housing the collateral defendant deposited. These securities could have been placed in a safe deposit vault without expense save the rental of a box. If defendant elected to make a donation to the bank, he must suffer the consequences. The clerk taxed $892 as " *Fees on deposits of bonds in lieu of undertaking.*" The expense of depositing bonds to stay execution instead of giving an undertaking for that

purpose, very clearly is not taxable under subdivision 9-a of section 1518 of the Civil Practice Act. In either event, therefore, the item was improperly taxed and must be disallowed.

The objections raised by plaintiff on the retaxation afford no basis for disturbing the rulings of the clerk regarding items for stenographer's minutes, printing and photostating. This expense could have been materially lessened by appropriate proposed amendments to the proposed case on appeal (*Freitag* v. *Franklin Fire Ins. Co.*, 242 App. Div. 241) and by a motion to strike the appellant's brief as unnecessarily voluminous if such plaintiff considered it to be. At this late date, the court is powerless to dissolve the cause of plaintiff's lamentations.

There is no warrant for inserting in a bill of costs a reservation for the taxation of an expected extra allowance. An additional allowance in this type of action needs no taxation. (Civ. Prac. Act, § 1532.) If one is granted the court will order it inserted in the proper order. The reservation should be stricken.

Enter order disallowing item of $892 for fees on deposit of bonds in lieu of undertaking as provided in section 1536 of the Civil Practice Act and striking the reservation as to extra allowance, with ten dollars costs of motion to plaintiff.