S. J. LASSER and GEORGE M. BLACKMON, as Receivers in Equity of H. M. REICH Co., INC., Respondents, *v.* THE STUYVESANT INSURANCE COMPANY, Appellant.

Fourth Department, December 27, 1939.

*Glenn W. Woodin* [*Robert Kelly Prentice* and *Myron T. Townsend* of counsel], for the appellant.

*Love & Keating* [*George P. Keating* and *S. H. Millener* of counsel], for the respondents.

Order affirmed, with ten dollars costs and disbursements, on the opinion of SWIFT, J., at Special Term.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

The following is the opinion of SWIFT, J., rendered at Special Term:

SWIFT, J. Plaintiffs recovered a judgment. Defendant appealed to the Appellate Division and gave an undertaking to stay execution. The appeal was never argued. The defendant later moved to set aside the judgment and for a new trial upon the ground of newly-discovered evidence. This motion was granted, and thereafter the complaint was dismissed and defendant entered judgment for costs. Defendant has included in its bill of costs the premiums

paid for the undertaking mentioned, together with interest thereon. This motion is to strike these items from the bill of costs.

So far as applicable to this motion section 1518 of the Civil Practice Act provides:

" Disbursements which may be included in bill of costs. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows: * * *

" 9-a. The reasonable expense actually incurred in securing an undertaking to stay execution under a judgment * * * subsequently reversed."

It will be noticed that the purpose of the section is to include " disbursements " in a bill of costs. The premium paid for an undertaking is a disbursement, but a charge for interest on the amount of the premium is certainly not a disbursement.

Prior to 1932, when subdivision 9-a was added to section 1518, such premiums were not recoverable. They may be recovered now when the bond is to stay execution under a judgment *subsequently reversed*. In this case the judgment under which execution was stayed was never reversed. It was set aside at Special Term when a new trial was granted upon newly-discovered evidence. Defendant contends that this action of the Special Term was tantamount to a reversal. It urges that the act be so construed because it reads " subsequently reversed " and not " subsequently reversed on appeal." A comparison of the language used in section 1518 with that in article 39 of the act shows clearly that the undertakings referred to in subdivision 9-a are undertakings to be given on appeal. A judgment can be reversed only by an appellate court for error. An unreversible judgment may be set aside for several reasons. The Civil Practice Act itself makes a marked distinction between " setting aside " a judgment and " reversing " a judgment.

The only disbursements collectible are those " reasonable and necessary expenses as are taxable according to the course and practice of the court or by *express provision of law*." (§ 1518, subd. 10.) The premium in question is not taxable according to the course and practice of the court, and had the Legislature intended to expressly provide for its taxation it could easily have done so. When subdivision 9-a was first added it provided: " The reasonable expense of securing an undertaking to stay execution under a judgment subsequently reversed." Since then it has been amended to require the reasonable expense to be " actually incurred " and to include an undertaking to stay the enforcement of a judgment or a decree in equity provided the judgment or decree be subsequently reversed.

Many reasonable and necessary disbursements cannot be included in a bill of costs, and the Legislature has refused to make these taxable. The court cannot say that it was the intention of the Legislature to make such a premium as the one in question recoverable, because obviously the peculiar circumstances of this case would not foreshadow themselves. The most the court can say is that if the Legislature had considered the matter it would or should have made such a premium collectible, but to do this savors more of legislation than interpretation. Perhaps this judgment could not have been reversed for any error upon the trial, and, bearing in mind that this taxation must rest upon an express provision of law, the words "subsequently reversed" should not be held to mean "subsequently reversed or set aside."

The motion of plaintiffs is granted, without costs.