MICHAEL M. MARTOCCI, Plaintiff, v. GREATER NEW YORK BREWERY, INC., Defendant.

Supreme Court, Special Term, Kings County, February 14, 1950.

*Joseph F. Ruggieri* for plaintiff.

*Sidney G. Madenberg* for defendant.

WALSH, J. Plaintiff seeks an order disallowing an item of $444.13 granted to the defendant by the clerk on the original taxation of costs herein. Such item represents interest on the cash amount of the judgment recovered by plaintiff upon trial, subsequently reversed on defendant's appeal (276 App. Div. 775), which defendant was required to post in cash by the surety company which furnished the bond to stay execution on the judgment pending such appeal.

Plaintiff claims such item does not come within the scope of subdivision 9-a of section 1518 of the Civil Practice Act, which reads as follows: " A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows: * * * 9-a. The reasonable expense actually incurred in securing an undertaking to stay execution under a judgment or to stay the enforcement of a judgment in any other manner or the enforcement of a decree in equity subsequently reversed."

Bearing in mind that costs are statutory and may not be recovered unless statutory authority therefor can be produced,

the plain reading of the above-quoted section and subsection appears to sustain the defendant.

Such was the holding of Mr. Justice CORTLAND JOHNSON in a similar instance in Queens County (*Cereal Products, Inc.,* v. *Greater New York Industries, Inc.,* N. Y. L. J. April 11, 1949, p. 1297, col. 5). He said: " Motion for a review of retaxation of costs granted, and interest allowed in the sum of $2,154.62. It appears that this item of interest was actually paid to secure cash to be pledged in order that the defendant might obtain a surety company undertaking for the purpose of staying execution on the judgment pending appeal. In the court's opinion the defendant is, accordingly, entitled to reimbursement under section 1518, subdivision 9-a, of the Civil Practice Act. Settle order on notice."

The case of *Lasser* v. *Stuyvesant Ins. Co.* (16 N. Y. S. 2d 401, affd. 258 App. Div. 340), cited by plaintiff to support his position, clearly is distinguishable. As pointed out therein, subdivision 9-a of section 1518 specifically covers the situation (as in the instant case) where judgment recovered below is reversed on appeal. In the *Lasser* case (*supra*) an appeal was taken but abandoned, defendant being successful in a later motion to have the judgment set aside and for a new trial on the ground of newly discovered evidence. Thereafter, upon such trial the complaint was dismissed. Defendant sought to include in his bill of costs as " disbursements " the premium paid on the bond which it had procured to stay execution on the judgment pending the appeal which it never prosecuted as aforesaid. Plaintiff urged, and in this the Special Term and Appellate Division sustained him, that subdivision 9-a of section 1518 did not sanction this. Defendant's argument that the dismissal of the complaint, as above outlined, was tantamount to a reversal on appeal quite properly was rejected. (Cf., also, *Miss Susan, Inc.* v. *Enterprise & Century Undergarment Co.,* 273 App. Div. 768.)

Aside from this point of departure from the facts on the present application there is the further distinction that " interest " which defendant also sought, but unsuccessfully, to recover in the *Lasser* case (*supra*) was " interest on the amount of the premium " it expended for the bond — not interest on cash security, as here, which had to be posted with the surety company as a prerequisite for the procurement and issuance of the bond.

Plaintiff's motion is denied.