Samuel Babin, J.
Motion by the defendant, pursuant to rule 110 of the Buies of Civil Practice, to dismiss the complaint upon the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties. Cross motion by the plaintiff, pursuant to rule 109 of the Buies of Civil Practice, to dismiss, as insufficient in law, the defense of res judicata asserted in the answer and “ For summary judgment dismissing the aforesaid defense ’
This action is based upon a written employment contract pursuant to which the defendant employed the plaintiff as its agent for the sale of its goods, wares and merchandise and agreed to pay him a commission of 6% on net sales concluded by him. Plaintiff alleges, in his first cause of action, that between January 1, 1953, and August 27, 1957, he sold to customers, and defendant shipped to such customers, merchandise of the price and value of $1,555,000, on which plaintiff has not received his full commissions of $91,600; that there is due and owing from the plaintiff to the defendant the sum of $4,800 for excess drawing, leaving a balance of $86,800, which is due the plaintiff, with interest from January 1, 1953. In the second cause of action plaintiff alleges that the defendant breached the contract of employment on or about August 27,1957, by discharging him as a result of which he sustained damages in the sum of $10,000.
The answer contains two defenses, the second of which is the subject of plaintiff’s cross motion. There it is alleged that on May 5, 1958, a judgment was entered in the City Court of the City of New York, County of Queens, in favor of this defendant and against this plaintiff in the sum of $4,832.34, in an action between the same parties “ involving the same or similar issues, and which issues were therein finally determined, and that said judgment is a final adjudication and is now a bar to this action now pending in this Court.”
In the complaint in the City Court action the plaintiff therein, the defendant here, sued to recover the sum of $4,804.65, advances against future commissions, which had been paid to the plaintiff herein as of the time when his employment was terminated. The answer to that complaint admitted that the plaintiff herein had received the sum of $4,800 as a drawing against future commissions, but that he was discharged in violation of the contract. By way of an affirmative defense the plaintiff herein alleged that his employer, the defendant herein, was indebted to him in the sum of $91,600 for commissions earned together with the sum of $10,000 for damages for breach of contract, against which the employer was credited the afore *84 said sum of $4,800, leaving the sum of $96,800 due and owing ‘ ‘ and that an action to recover said moneys has previously been instituted by the defendant, as plaintiff, against the plaintiff, as defendant, in the Supreme Court, Queens County.”
Immediately upon joinder of issue in the City Court action the case was noticed for trial whereupon plaintiff in this action sought to remove that action to this court to be consolidated with the instant action. The defendant herein opposed the motion which was denied solely on the ground that ‘ ‘ The City Court action will be reached for trial within a very short time, while the action in the Supreme Court has not yet received a calendar number. Under the circumstances, it would be prejudicial to the plaintiff in the City Court action to permit consolidation.” Eeargument resulted in the same determination.
When the City Court action was reached for trial the plaintiff herein withdrew the affirmative defense which he had asserted in that action and, through his counsel, conceded that the sum sought to be recovered in that action was ‘ ‘ due to the plaintiff by the defendant, and we have our Supreme Court action in which we sue for our damages and commissions ”. An inquest was thereupon taken, resulting in the judgment which is the subject of the defense of res judicata.
The court is of the opinion that the action in the City Court has not such a measure of identity with the instant action that a judgment in favor of the plaintiff here would destroy or impair the rights or interests established by the judgment in favor of the defendant herein in the prior action. The recovery in that action was for the excess drawing which was paid to the plaintiff as of the time of his discharge. That was expressly deducted by the plaintiff in computing the amount sought under his first cause of action in this court. Neither the doctrines of collateral estoppel nor res judicata may be allowed to operate so as to deprive a party of an actual opportunity to be heard. (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595.) Moreover, in opposing plaintiff’s motion for a stay in the Appellate Division defendant urged that the relief sought by it in the City Court action “ is not that which is contained in the Supreme Court action” and that “Denial of consolidation * * * will not affect Zimmerman’s [plaintiff herein] substantive affirmative case in the Supreme Court.”
Accordingly the defendant’s motion to dismiss the complaint upon the ground that the judgment in the City Court action is res judicata is denied, and the plaintiff’s cross motion to dismiss that defense for legal insufficiency is granted.
Submit order.