■ HERMAN A. WEINSTEIN et al., Respondents, v. ARLINGTON OAKS, INC., Appellant, et al., Defendant.— In an action to recover the amount paid on account of a contract for the sale and purchase of real property, the appeal is from a judgment of the County Court, Suffolk County, entered after trial before the court without a jury in favor of the respondents and against the appellant. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ JULIUS ZIMMERMAN, Respondent, v. ENTERPRISE WALL PAPER MANU-FACTURING COMPANY, Appellant.— On June 22, 1948 plaintiff was employed by defendant as a salesman at a commission of 6% on net sales. Plaintiff was to have a drawing account against commissions. If the commissions were less than the drawing account, plaintiff was to pay the excess to defendant at the termination of the agreement. The agreement was for one year from July 1, 1948, and thereafter from year to year on the same terms and conditions unless either party gave the other 90 days' notice in writing of election to terminate. Plaintiff was discharged on August 27, 1957. On October 28, 1957 plaintiff instituted this action in the Supreme Court, Queens County. The complaint contains one cause of action for commissions of $91,600, earned up to the time of discharge, less $4,800 due from plaintiff to defendant for "excess drawing", leaving a balance due to plaintiff of $86,800, and a second cause of action for damages for wrongful discharge. On May 5, 1958 defendant recovered a judgment in the City Court of the City of New York, Queens County, based on pleadings and proof that as of August 31, 1957 plaintiff's drawing account exceeded his earned commissions by $4,504.68. Thereafter defendant served an amended answer in the Supreme Court action, in which res judicata was pleaded as one of the affirmative defenses. Defendant moved to dismiss the complaint on the ground that the City Court judgment was res judicata as to the issues in this action. Plaintiff moved to dismiss the defense of res judicata as insufficient. Defendant's motion was denied and plaintiff's motion was granted. Defendant appeals. Order affirmed, without costs, with leave to defendant to serve a further amended answer within 10 days after the entry of the order hereon. It is not necessary presently to pass on the merits of the defense of res judicata. Since the defense is not applicable to the second cause of action for wrongful discharge, and since it is pleaded as a defense to the entire complaint rather than as to the first cause of action only, the determination at Special Term was not error. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur. [15 Misc 2d 82.]

## (May 11, 1959)

■ DAIRY TRANSPORTATION DRIVERS, HELPERS AND TERMINAL EMPLOYEES, LOCAL UNION 770, by Chester E. Decker, President, et al., Respondents, v. CENTRAL MILK HAULERS, INC., et al., Appellants.— Motions to dismiss appeals granted, without costs, and appeals dismissed. Present — Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ.

■ GILBERT R. PAPP, Plaintiff, v. JACKSON MANUFACTURING COMPANY, Respondent, and FIREPROOF PRODUCTS CO., INC., Appellant. FIREPROOF PROD-UCTS CO., INC., Third-Party Plaintiff, v. PEARSON BROTHERS, INC., Third-Party Defendant.— Motion for leave to appeal to the Court of Appeals denied. Motion for a stay denied, without costs. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.