J. Irwin Shapiro, J.
Motion by defendant (employer) for summary judgment dismissing the first and second causes of action on the ground of res judicata. Cross motion by the plaintiff (employee) for an order (1) dismissing the first separate defense for insufficiency (Rules Civ. Prac., rule 109), (2) dismissing the second separate defense for insufficiency (rule 109), (3) for summary judgment dismissing the first and second separate defenses (rule 113) and (4) striking out the employer’s answer for its failure to appear for examination before trial.
The employer commenced an action in the City Court of the City of New York to recover $4,800 advanced to the employee on his drawing account. The employee brought this action to recover $96,800 commissions allegedly earned but unpaid up to the time of his discharge (first cause of action), and for damages for wrongful discharge (second cause of action).
A motion by the employee to consolidate both actions was denied by Special Term on the ground that the City Court action was ready for trial and the Supreme Court action had not yet been noticed for trial. The employee sought a stay in the Appellate Division. He argued ‘ ‘ that both actions herein *527 arise out of the same set of facts and that the factual and legal issues involved in both actions are identical ’ ’. In opposition thereto, the employer argued that the ‘ ‘ relief sought by plaintiff in the City Court action is not that which is contained in the Supreme Court action ” and that “plaintiff in the City Court action merely seeks the return of an advance made to one of its salesmen-employees, which sum was not disputed by him,” and that “in the Supreme Court action the employee seeks to surcharge Enterprise with fabricated claims for commissions. ’ ’ The employer further contended that 11 the denial of consolidation * * * will not affect Zimmerman’s substantive affirmative case in the Supreme Court.” The stay was denied.
The parties have gone full circle on their previous contentions, each now accepting the previous contention of the other, the employer contending that the City Court judgment is res judicata of the employee’s present complaint and the employee contending that the issues determined by the City Court judgment are separate and distinct from those now before the court.
The fact that the parties urged acceptance upon the court of whatever conclusions seemed to best suit them at the moment is of no consequence for we are here and now concerned not with their previous contentions, now in juxtaposition, but with the present legal effect of the City Court judgment upon the employee’s right to maintain this action. To determine the existence or nonexistence of that right, we must examine the pleadings in the City Court action and the steps taken by the parties in that forum.
In his answer in the City Court action, the employee interposed an affirmative defense that the employer was indebted to him “ in the sum of $91,600 for commissions earned by defendant, together with the sum of $10,000 as damages for plaintiff’s breach of the contract between the parties, against which the defendant has credited the sum of $4,800 received from the plaintiff, making the sum of $96,800 due and owing from the plaintiff to the defendant, and that an action to recover said moneys has previously been instituted by the defendant, as plaintiff, against the plaintiff, as defendant, in the Supreme Court, Queens County.”
Prior to the time when the City Court action came on for trial, the employee served notice that he would move at that trial to withdraw said affirmative defense. At the trial, he was permitted to do so, and since he conceded that he had received from the employer, and under the contract between *528 them was obligated to return, the $4,800 overdrawn by him, the City Court action proceeded to judgment in favor of the employer.
Thereafter, in this action, the employer sought and was granted leave to interpose the defense of res judicata. After doing so, the employer moved to dismiss the complaint on the ground that the City Court judgment was a final judgment of a court of competent jurisdiction, and that it had determined the issues sought to be raised by the employee in this action. The employee cross-moved to strike the defense of res judicata. The employer’s motion was denied and the employee’s cross motion was granted. Special Term (15 Misc 2d 82) in striking out the defense of res judicata concluded that the two actions did not have such a measure of identity that a judgment here would destroy the rights established by the City Court judgment.
On appeal from that determination (8 A D 2d 728), the Appellate Division, in form, affirmed the order saying: “It is not necessary presently to pass on the merits of the defense of res judicata. Since the defense is not applicable to the second cause of action for wrongful discharge, and since it is pleaded as a defense to the entire complaint rather than as to the first cause of action only, the determination at Special Term was not error.” It thereupon gave the employer leave “to serve a further amended answer. ’ ’ Pursuant to the leave thus granted, the employer served an amended answer separately interposing the defense of res judicata to each cause of action and it now brings this motion for summary judgment based on the alleged efficacy of said defenses to destroy the employee’s complaint.
In the complaint in the City Court action, the employer alleged, among other things, that by reason of the agreement between the parties, “ the compensation of the defendant would be limited to commissions based upon sales actually made by the defendant and based upon invoices paid by the customers and no other compensation ’ ’; that ‘ ‘ Thereafter the defendant requested advance against future commissions to be earned by the defendant with the express understanding that the defendant shall not be entitled to such monies advanced by the plaintiff until the defendant shall have earned the commissions based upon sales of the defendant’s products and any monies advanced by the plaintiff to the defendant in excess of actual earned commissions shall remain the property of the plaintiff,” and that at the time of the termination of the employee’s employment, it “ had paid to the defendant the sum of Four Thousand Eight Hundred and Four ($4,804.65) Dollars with the intent and upon *529 the defendant’s promise that these monies will be repaid to the plaintiff.”
In his answer in the City Court, the employee admitted that he had “ received from the plaintiff the sum of $4,800 as a draw ’ ’ and that the employer was entitled to receive that sum back from him.
Thus, the battle lines were drawn between the employer plaintiff and the employee defendant in the City Court. The.fact that the employee interposed and thereafter withdrew his affirmative defense with respect to commissions allegedly due him is wholly immaterial for the result, in the court’s opinion, would be the same even if he had never interposed that affirmative defense. The relationship between plaintiff and defendant was that of employee and employer; the basis of the employer’s claim in the City Court arose out of that relationship; it was because of that relationship of employer and employee (and the obligations which were thereby created) that the employee’s overdraw of commissions gave rise to a cause of action in favor of the employer.
When the City Court determined that the employer was entitled to a judgment for commissions overdrawn by the employee, it was simply stating the legal conclusion that the employee had drawn and received from the employer more money than there was due him for commissions of any kind or nature. In other words, said the judgment, £ £ not only is there nothing due you Mr. Employee by way of earned commissions from the employer, but, in fact, you owe the employer over $4,000 in excess of commissions earned by you. ’ ’
The contention that the City Court action 1 ‘ is a simple action for monies loaned or had and received and does not place in issue the question of whether said monies were advanced to plaintiff over and above the commissions earned by him,” disregards every import of the City Court complaint and the express statement therein contained that the monies sought to be recovered were ££ in excess of actual earned commissions.”
The basic facts, in themselves, are indisputable and they seem to permit of only one conclusion. Though at first blush it may seem harsh to preclude the plaintiff in this action from attempting to prove that there is due him $96,800 for commissions, he had an opportunity to go to trial on that very issue in the City Court and did not avail himself of that right. The very facts, which he asserted as an affirmative defense in the City Court,, and which form the basis of his complaint here, could have been set forth in that court as a counterclaim, for the jurisdiction of *530 that court to render a money judgment on a counterclaim is unlimited. (N. Y. City Ct. Act, § 18.) The fact that in the City Court action the employee had not exercised his right to a trial by jury and that he desires to have his claims determined by a jury (which fact appeared upon the argument of this motion), does not warrant overturning salutary principles of law.
It has been stated time and again that, “ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. ” (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14, 18.) And that, “ The common-law doctrine of res judicata, designed to bar relitigation of adjudicated issues, is the law’s recognition of the fact that it is to the interest of the State that there should be an end to litigation. The doctrine, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein”. (Israel v. Wood Dolson Co., 1 N Y 2d 116, 118.)
There must be some finality to litigation and where the basic differences between the parties have once been conclusively and finally determined, the doctrine of res judicata comes into play (Matter of New York State Labor Relations Bd. v. Hollander Laundry, 294 N. Y. 480), and while it is true that “there is probably no area of our law less susceptible of rigid formulation and definition than that of res judicata, some criteria have been traditionally and consistently employed.” (Statter v. Statter, 2 N Y 2d 668, 671.)
One of the tests to determine whether the maintenance of a second action is precluded by the determination in a prior one, is whether they both ‘‘ have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first. * * * The decisive test is this, whether the substance of the rights or interests established by the first action will be destroyed or impaired by the prosecution of the second.” (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 307-308.)
Here, an essential element of the employer’s cause of action in the City Court was to show (1) the relationship of employer and employee between the parties, (2) the payment of commissions to the employee, (3) that those commissions so paid exceeded the amount earned as commissions by the employee, (4) that the employer was entitled to a return of the overpay *531 ment or overdraw of commissions by reason of an express agreement between the parties and (5) the amount of such overdraw.
By the judgment which it received in the City Court, the employer must be deemed to have established those necessary elements of its cause of action. To succeed on his first cause of action here, the employee would necessarily have to establish that there are moneys due to him by way of earned commissions. Such a finding would necessarily negative the very basis of the employer’s recovery in the City Court.
The court is, therefore, constrained to hold that res judicata is a defense to the plaintiff’s first cause of action for commissions and warrants and requires the granting of the employer’s motion for summary judgment dismissing that cause of action. As a corollary, it necessarily follows that the employee’s motion to strike out the defense of res judicata (under Rules Civ. Prac., rule 109) insofar as it applies to the first cause of action is denied.
The defense of res judicata as to the unlawful discharge cause of action (the second) need not detain us for we are precluded and foreclosed from considering its alleged sufficiency or insufficiency de novo in face of the holding of the Appellate Division that “ the defense is not applicable to the second cause of action for wrongful discharge ” (8 A D 2d 728). Under the circumstances, the employee’s motion in that regard (under Rules Civ. Prac., rule 109) is granted and the employer’s motion for summary judgment dismissing the second cause of action is denied.
For purposes of clarity, it should be stated that the ruling by this court striking the defense of res judicata insofar as it is pleaded against the unlawful discharge cause of action is not intended to prevent the employer from contending upon the trial proper that the failure of the employee to voluntarily repay his overdrawals of commission, as evidenced by the judgment obtained against him in the City Court, was such a material breach of the agreement between the parties as to preclude a recovery herein. All that is determined is that as a matter of pleading, the City Court judgment is not necessarily inconsistent with a recovery by plaintiff here under his cause of action to recover damages for an alleged improper discharge.
The employee’s motion for summary judgment dismissing the first and second defenses must be denied, since rule 113 of the Rules of Civil Practice does not contemplate the dismissal of a separate defense but only of an entire pleading such as a complaint or an answer. (See Rules Civ. Prac., rule 113.)
*532 The employee’s motion to strike the employer’s answer for failure to appear for examination is granted unless the employer appears for such examination on a date to be fixed in the order hereon. If the parties cannot agree upon a date, the court will fix the same.
Settle order.