Vincent A. Lupiano, J.
This is a motion to retax costs of appeal.
*575 In lieu of an undertaking, defendant deposited a certified check to stay execution pending appeal of a judgment rendered against him on a motion for summary judgment. The Appellate Division reversed the judgment. Defendant, claiming that it cost him $800 in interest to borrow the money deposited, attempted to tax costs for such expense less interest earned on said deposit. The Clerk refused to allow such amount as a disbursement and the defendant seeks to tax same as a disbursement pursuant to subdivision 9-a of section 1518 of the Civil Practice Act.
That subdivision provides, as follows, the disbursements which may be included in a bill of costs: ‘ ‘ The reasonable expense actually incurred in securing an undertaking to stay execution under a judgment or to stay the enforcement of a judgment in any other manner or the enforcement of a decree in equity subsequently reversed. ’ ’ And was added by chapter 181 of the Laws of 1932 and amended by chapter 76 of the Laws of 1933.
Prior to its enactment, the Clerk could not be compelled to tax as costs a premium paid by defendants upon an undertaking to stay execution under a judgment subsequently reversed (Regan v. Dillon, 126 Misc. 37).
The statute presently allows a sum which constitutes “[t]he reasonable expense actually incurred in securing an undertaking to stay execution under a judgment.” (Emphasis supplied.) The expense of obtaining cash and depositing same to stay execution, in lieu of giving an undertaking for that purpose, is not taxable under the cited section (O’Hara v. Derschug, 156 Misc. 454). The latter case involved an expense incurred in the deposit of bonds to stay execution, in lieu of an undertaking, which was held not taxable.
The court is not unmindful of the holding in Martocci v. Greater New York Brewery (197 Misc. 578). However, there the party was required by the surety company to post cash which then furnished the bond to stay execution on the judgment pending an appeal, subsequently reversed. Defendant therein sought to tax as costs the interest on the cash security which had to be posted with the surety company as a prerequisite for the procurement and issuance of the bond. The extent to which the costs were allowed therein should not be further extended to the factual situation herein. Such permission may not be rationalized within the ambit of the pertinent statute. Accordingly, the motion is denied.