■ ROBERT E. O'BRIEN, Respondent, v. EMPIRE DISCOUNT CORPORATION, Appellant, et al., Defendants.— Order insofar as it denied the motion of defendant Empire Discount Corporation for summary judgment unanimously affirmed and in all other respects order reversed, with costs, and plaintiff's motion denied. Memorandum: The record presents triable issues of fact which should not have been summarily decided. Appellant shows in its motion papers that it purchased premises at foreclosure sale on October 5, 1962 subject to the mortgage now being foreclosed and on that date it gave notice to the then owner of such mortgage (Kleiman) of its election to pay the mortgage and take an assignment of it. The mortgagee failed to furnish a statement of the balance due as he had promised to do, and on October 11, 1962 appellant made a further demand in writing. Kleiman, instead of complying therewith, assigned the mortgage to plaintiff by assignment dated October 12, 1962 and recorded October 15, 1962. Plaintiff on the latter date released a Court of Claims award from the lien of the mortgage, thereby impairing its value. These allegations which are not disputed by Kleiman or plaintiff raise issues of fact under the defenses in appellant's answer as to the sufficiency of appellant's tender of the amount due so as to entitle it to an assignment of the mortgage (Real Property Law, § 275; *Cleveland* v. *Rothwell,* 54 App. Div. 14; *Rockland-Rockport Lime Co.* v. *Leary,* 203 N. Y. 469, 484; *Matter of Campbell,* 105 F. 2d 197; 52 Am. Jur., Tender, § 4, p. 216) and to stop the running of interest (*Kortright* v. *Cady,* 21 N. Y. 343; N. Y. Contracts Law, § 3013, pp. 437–439; 5 Carmody-Wait, New York Practice, p. 346). A triable issue also exists as to plaintiff's relationship with Kleiman. It might well be inferred from the facts alleged that he is a mere dummy for Kleiman or some other party and neither plaintiff nor Kleiman has presented any proof to the contrary although the facts relating thereto are clearly within their knowledge. Although it has been held that under certain circumstances a mortgagee upon receiving a Court of Claims award is required to assign his mortgage to the party who would be entitled to the award except for the mortgage (*Matter of Lafayette Nat. Bank of Brooklyn,* 254 App. Div. 207), appellant cannot be summarily deprived of its defenses, based on rights which it had and of which it was deprived by plaintiff, by conjecture of what claims might have been made against it by a corporation which was neither a party to the motion nor to this appeal. Plaintiff in his motion for summary judgment also moved for an order dismissing each of the six affirmative defenses contained in appellant's answer on the grounds that they were sham and

did not state facts sufficient to constitute a defense. It does not appear that plaintiff will be prejudiced by retention of the matter objected to and insofar as the motion is under rule 103 of the Rules of Civil Practice it should be denied. " Such motions [under rule 103] will be denied unless it is apparent that the moving party will be prejudiced by the retention of the matter objected to." (4 Carmody-Wait, New York Practice, p. 767.) Insofar as the motion is under rule 109 it should be denied because the defenses are not on their face insufficient in law. Insofar as the motion is under rule 113 it should also be denied. " Rule 113 * * * does not contemplate the dismissal of a separate defense but only of an entire pleading such as a complaint or an answer" (*Zimmerman* v. *Enterprise Wall Paper Mfg. Co.,* 20 Misc 2d 525, 531, affd. 10 A D 2d 891). (Appeal from an order of Monroe Special Term denying a motion for summary judgment and granting plaintiff's motion to strike out the answer and every affirmative defense therein and granting judgment to plaintiff.) Present — Bastow, J. P., Goldman, Henry and Noonan, JJ.