Daniel E. Macken, J.
To stay the enforcement of a judgment pending appeal to the Appellate Division, the defendant Empire Discount Corporation (hereafter called “ defendant ”) elected to deposit with the Monroe County Treasurer cash in the amount of $83,650.72 in lieu of furnishing an undertaking. The Appellate Division (20 A D 2d 677) reversed the judgment with costs and on February 14, 1964 defendant entered its judgment of reversal and filed a bill of costs in the amount of $431.54, which amount was included in the judgment. By notice dated February 17, 1964 plaintiff moved for retaxation to be held on February 28, 1964. Following service of this notice, counsel for the respective parties agreed that items totalling $149 be deleted from the bill of costs and defendant’s attorney agreed to satisfy the judgment upon payment of the reduced amount. The judgment has not been satisfied and there has been no formal retaxation and amendment of the judgment.
Defendant now moves for permission to file and tax nunc pro tunc an amended bill of costs omitting the items which it had previously consented to omit but adding thereto as items of disbursements the sum of $1,727.83 fees paid to the Monroe *80 County Treasurer in connection with the cash deposit and $1,422.92 alleged to be the difference between interest defendant claims to have been required to pay to borrow the money to make the deposit and interest earned on the fund while deposited. It is contended by defendant that these disbursements are properly taxable under the provisions of CPLR 8301 (subd. [a], par. 11) (formerly Civ. Prac. Act, § 1518, subd. 9-a), which provides: “A party to whom costs are awarded in an action or on appeal is entitled to tax his necessary disbursements for * * * 11, the reasonable expenses actually incurred in securing an undertaking to stay enforcement of a judgment subsequently reversed ’ ’. Defendant contends that the omission of these items from the bill of costs was inadvertent and may be corrected pursuant to CPLR 2001.
Upon the argument and in its memorandum plaintiff takes the position that CPLR 8301 (subd. [a], par. 11) affords no authority for taxing these items.
Prior to the enactment of CPLR, it had been said in dictum that “ The expense of obtaining cash and depositing same to stay execution, in lieu of giving an undertaking for that purpose, is not taxable under the cited section [Civ. Prac. Act, § 1518, subd. 9-a] (O’Hara v. Derschug, 156 Misc. 454).” (Banker’s Trust Co. v. Nagler, 38 Misc 2d 574, 575.) The rationale was that a deposit of funds was not an undertaking. Whether or not such a conclusion was correct at the time has been made academic by the enactment of CPLR 2501 (subd. 2) reading as follows: “Undertaking; definition. Undertaking includes * * * 2 any deposit, made subject to the required condition, of the required amount in legal tender of the United States or in face value of unregistered bonds of the United States or of the state.”
It is thus apparent that defendant’s reasonable expenses in making the deposit are properly taxable. No question arises in my mind as to the taxability of the County Treasurer’s fee for taking the deposit. Defendant’s right to reimbursement for the amount of interest paid in excess of the amount of interest received during the period of deposit is less clear. It has been held that interest paid to borrow money required to be posted with a surety company in order to obtain the latter’s undertaking to stay execution on a judgment is properly taxable. (Martocci v. Greater N. Y. Brewery, 197 Misc. 578.) This case cites a similar holding in Cereal Prods. v. Greater N. Y. Inds. (N. Y. L. J., April 11, 1949, p. 1297, col. 5).
I am unable to distinguish between borrowing money to post with a surety company and borrowing money to deposit *81 with the court. The requirements of the statute are that the disbursement be necessary, reasonable, and actually incurred. Unless we are to say that a stay of execution or enforcement of a judgment pending appeal is available only to appellants then in possession of sufficient cash or negotiable bonds to obtain a surety company undertaking or make a deposit, interest paid to borrow money for that purpose is a necessary expense and 5% is a reasonable rate of interest. Had the Legislature intended that the only expense contemplated by the section was a premium paid to a surety company or the statutory fees required on deposit, it could easily have said so. I conclude that the defendant was entitled to tax the statutory fee paid the County Treasurer and the reasonable amount of interest actually expended or incurred in borrowing the money. The judgment has not been satisfied, the costs have not been formally retaxed, and the action is still pending. No substantial right of the plaintiff will be prejudiced by permitting the defendant to file and tax such amended bill of costs pursuant to CPLR 2001. The defendant shall give the attorneys for the plaintiff five days’ written notice of the time of application for such taxation, and upon submission to the Clerk of satisfactory proof that such expenses have been paid or incurred, the items herein discussed will be taxed and the judgment amended as of the date of entry to include such amounts less the sum of $149 which defendant has agreed be deleted from the original bill of costs.
Attention should here be called to a problem which may arise in ascertaining the amount of interest properly taxable. From the papers it would appear that the item contained in the proposed amended bill of costs includes interest on the borrowing to July 3, 1964, the date upon which the deposit was returned. In explanation it is stated that defendant was informed that no interest would be paid to him on the amount deposited if the funds were withdrawn before July 1, 1964. Upon entry of the judgment of reversal on February 14, 1964 the defendant became entitled to return of its deposit, and if it be a fact that, had the deposit been returned at that time, the defendant would have received no interest, it would have been entitled to tax the amount of interest paid or accrued on the borrowing from the date of deposit, June 27, 1963, to the date of entry of the judgment. Obviously, this amount would be substantially in excess of the amount now claimed by defendant. If it be established to the satisfaction of the Clerk that the defendant would have received no interest on its deposit had it withdrawn the funds before July 1, the defendant will be *82 permitted to tax the amount claimed if otherwise properly established. Should it be found that the defendant could have obtained interest on the deposit at the time the judgment was entered, it will be entitled only to the amount of interest on the borrowing paid or accrued to that date less the amount of interest on the deposit which might have been obtained at that time.