■ JOSEPHINE L. DOMINICK, Respondent, v. RICHARD B. DOMINICK, Appellant.— Order, entered January 7, 1965, in an action for separation granting plaintiff wife's motion for temporary alimony in the amount of $600 per week and a counsel fee of $15,000 together with related relief, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs or disbursements to either side, to deny the motion in every respect, except to allow a counsel fee in the reduced amount of $7,500 payable in two installments as provided in the order appealed from, and the order as thus modified, is affirmed, on condition that defendant husband continue to provide the maintenance for the household as he has in the past and as he has proffered and pays to plaintiff wife the sum of $600 per month as he has proffered. In this childless marriage of relatively short duration, preceded by prior marriages with other partners, with the wife possessing substantial assets which she obtained from this husband, there is no warrant for the extraordinary provisions made by the court at nisi prius. The great wealth of the husband is no reason to provide the emergency recourse to temporary alimony and related reliefs so long as he has maintained and is ready to maintain the wife on a basis reasonably adequate for the short period involved in bringing the action to a conclusion. (*Shapiro* v. *Shapiro*, 8 A D 2d 341; *Friedman* v. *Friedman*, 5 A D 2d 864; *Freid* v. *Freid*, 23 A D 2d 549.) Nor is there any reason to require the husband to maintain the wife's sister and the sister's children beyond the level he may wish on a voluntary basis. After the trial, if there is any, or in any other final determination of the action, there will be opportunity enough for provision for permanent support, if that is to be awarded, or for a proper division of jointly owned property. At that time the conclusions reached on an emergency basis in fixing or denying temporary alimony and related relief should not be influential (*Haber* v. *Haber*, 20 A D 2d 858; *Goldberg* v. *Goldberg*, 20 A D 2d 806). Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.

■ BANKERS TRUST COMPANY, Respondent, v. JACQUES NAGLER, Appellant. — Order, entered December 6, 1962, unanimously affirmed, with $30 costs and disbursements to plaintiff-respondent. We agree with Special Term that the provisions of former Civil Practice Act (see § 1518 [subd. 9-a]) did not authorize the taxation by the defendant of the fees paid and loss of interest incurred in connection with the deposit of funds with the City Treasurer to secure a stay of execution. We do not reach the question of whether either of such items would be taxable as disbursements under CPLR 8301 (subd. [a], par. 12). Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ. [38 Misc 2d 574.]

■ In the Matter of OTTO HESSELBARTH, Appellant, v. SAMUEL FRANKEL, Respondent.— Order, entered on October 21, 1964, denying plaintiff's application pursuant to CPLR 325 (subd. [b]) to remove the case from the Civil Court, Bronx County, to the Supreme Court, unanimously reversed on the law and on the facts, without costs or disbursements; and the application granted. The proposed amended complaint shall be served within 10 days after the entry of the order hereon. In our opinion, the affidavits in support of the application, which include affidavits of two physicians expressing opinions that subsequent surgery was causally connected with the original injuries, warranted a transfer of this action so that if successful in the suit plaintiff may recover adequate compensation for the injuries. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.