■ NORTH OYSTER BAY BAYMEN'S ASSOCIATION et al., Respondents, v TOWN OF OYSTER BAY et al., Defendants, and FRANK M. FLOWER & SONS, INC., Appellant. [55 NYS3d 258]—

In an action, inter alia, for declaratory and injunctive relief, the defendant Frank M. Flower & Sons, Inc., appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 25, 2015, which granted the plaintiffs' mo-

tion pursuant to CPLR 8404 to disallow an item taxed by the Nassau County Clerk in the sum of $69,000 paid by the defendant Frank M. Flower & Sons, Inc., to secure an undertaking to stay enforcement of a judgment and directed the Nassau County Clerk to amend the judgment from the sum of $76,133.30 to the sum of $7,133.30.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion pursuant to CPLR 8404 to disallow an item taxed by the Nassau County Clerk in the sum of $69,000 paid by the defendant Frank M. Flower & Sons, Inc., to secure an undertaking to stay enforcement of a judgment and to direct the Nassau County Clerk to amend the judgment from the sum of $76,133.30 to the sum of $7,133.30 is denied.

This matter arises out of a decision and order issued by this Court on July 22, 2015 (*North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d 885 [2015]) (hereinafter the 2015 Decision), in connection with a dispute between the defendant Frank M. Flower & Sons, Inc. (hereinafter Flower), the plaintiff North Oyster Baymen's Association (hereinafter the Association) and certain individual members of the Association (hereinafter collectively the plaintiffs) over the approval of a 30-year extension of underwater leases issued to Flower by the defendant Town of Oyster Bay in September 1994. Flower and its predecessor in interest have been producers of shellfish, including clams and oysters, since 1887. The Association is a not-for-profit corporation organized to protect, promote, and preserve the hard clam industry in and around Oyster Bay.

On June 22, 2011, the plaintiffs commenced an action, inter alia, for a judgment declaring the leases between Flower and the Town null and void, and asserting 11 separate causes of action. Flower and the Town separately moved pursuant to CPLR 3211 (a) to dismiss the amended complaint, arguing, inter alia, that it failed to state a cause of action. The Supreme Court entered a judgment on November 4, 2013 (hereinafter the 2013 Judgment), which, inter alia, vacated the 30-year lease extension issued to Flower by the Town in September 1994, remitted the matter to the Town to conduct a clam density survey upon land leased to Flower, and dismissed the third, fourth, fifth, sixth, and seventh causes of action.

Thereafter, Flower appealed from, inter alia, so much of the 2013 Judgment as vacated the 30-year lease extension issued to Flower by the Town in September 1994. The plaintiffs cross-appealed, among other things, from so much of the 2013 Judgment as dismissed the third, fifth, sixth, and seventh causes of action. In a decision and order on motion dated April 4, 2014,

this Court granted Flower's motion to stay enforcement of the 2013 Judgment pending the determination of the appeal and cross appeal, directed that Flower post an undertaking to secure the stay of the 2013 Judgment, and remitted the matter to the Supreme Court, Nassau County, to fix the amount of the undertaking (*see Matter of North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 2014 NY Slip Op 68608[U] [2d Dept 2014]) . In an order entered May 19, 2014, the Supreme Court directed Flower to secure an undertaking in the sum of $2,300,000. Thereafter, Flower posted a bond in that amount and incurred a cost of $69,000 for the premium for the bond.

Thereafter, this Court, in the 2015 Decision, as relevant to this appeal, modified the 2013 Judgment by deleting the provisions thereof vacating the 30-year lease extension issued to Flower, remitting the matter to the Town for the purpose of conducting a clam density survey, and dismissing the seventh cause of action (*see North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d 885 [2015]). This Court also awarded judgment to Flower on the first cause of action and directed the plaintiffs to pay costs (and disbursements; *see* CPLR 8301 [a]) to Flower and the Town and remitted the matter to the Supreme Court, Nassau County for entry of a declaratory judgment consistent with the determination.

In August 2015, pursuant to CPLR 8301 (a) (11), Flower taxed its bill of costs in the total sum of $76,133.30, which included the cost of $69,000 as the premium it had paid for the bond to secure the undertaking as required to stay the enforcement of the 2013 Judgment. Thereafter, the Nassau County Clerk entered a judgment dated August 24, 2015, against the plaintiffs in that amount. In September 2015, the plaintiffs moved pursuant to CPLR 8404 to disallow the $69,000 premium on the ground that it was incurred in the trial court and not in this Court and for an amended judgment to so reflect the disallowance of that amount. On November 23, 2015, the Supreme Court issued an order (hereinafter the November 2015 Order) disallowing the cost of the premium and directing that an amended judgment be entered by the Nassau County Clerk in the amount of $7,133.30 (the total sum after subtracting $69,000). The court reasoned that because the 2013 Judgment was modified and not reversed, CPLR 8404 did not apply and Flower was not entitled to recover the $69,000 premium. Flower appeals from the November 2015 Order.

Although a court "is generally limited to the issues or defenses that are the subject of the motion" if the motion is dispositive of the underlying action (*see Rosenblatt v St. George Health*

& *Racquetball Assoc., LLC*, 119 AD3d 45, 52 [2014]; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914 [2010]), a court may decide a nondispositive motion "upon grounds other than those argued by the parties in their submissions" where "the court's grant or denial of relief is confined to the specific family of relief sought in the motion" (*Tirado v Miller*, 75 AD3d 153, 154 [2010]).

Here, the Supreme Court was within its discretion in determining the plaintiffs' motion on grounds not raised by the parties, as the motion involved a discrete issue concerning disbursements in accordance with CPLR 8301 (a) (11) and was not dispositive of the underlying action (*see Tirado v Miller*, 75 AD3d at 154), and the court did not grant relief that was not sought in the motion (*see id.*).

Nonetheless, the Supreme Court improperly determined that the 2013 Judgment did not constitute a "judgment subsequently reversed" in determining that the $69,000 premium cost sought by Flower pursuant to CPLR 8301 (a) (11) was outside the ambit of taxable disbursements to which Flower was entitled.

Recovery of costs and disbursements in an action and on appeal is dependent on the statutory authorization set forth in CPLR 8301 (a) *et seq.* (*see Allied Excavating Corp. v Graves Equip. Co.*, 99 AD2d 499, 500 [1984]). Here, CPLR 8301 (a) (11) provides that a party may recover as a taxable disbursement "the reasonable expenses actually incurred in securing an undertaking to stay enforcement of a judgment subsequently reversed" (CPLR 8301 [a] [11]). As an initial matter, we note that the 2015 Decision addressed both Flower's appeal and the plaintiffs' cross appeals. Thus, contrary to the plaintiffs' contention, it is not the nomenclature of the decretal paragraph of the 2015 Decision (decreeing that the 2013 Judgment is "modified, . . . as so modified, the judgment is affirmed") that controls for the purposes of determining whether an expense incurred in connection with that appeal falls within the ambit of CPLR 8301 (1) (11), but rather it is whether the 2013 Judgment was reversed insofar as appealed from by Flower that must control (*see e.g. Polov v Long Beach Terrace Apts.*, 65 AD2d 553 [1978]).

Here, this Court's 2015 Decision reversed so much of the 2013 Judgment as was against Flower; in effect, Flower was awarded all the relief it sought in its appeal. Thus, for the purposes of the expenses sought by Flower pursuant to CPLR 8301 (a) (11), the 2013 Judgment constituted a "judgment subsequently reversed" by this Court's 2015 Decision (CPLR 8301 [a] [11]) and the $69,000 premium cost paid by Flower to secure an undertaking to stay enforcement of the 2013 Judg-

ment falls squarely within the expenses allowable under that provision (*see O'Brien v Empire Discount Corp.*, 44 Misc 2d 79 [1964], citing *O'Brien v Empire Discount Corp.*, 20 AD2d 677 [1964]).

The plaintiffs' remaining contention is without merit.

Accordingly, the $69,000 premium cost paid by Flower to secure an undertaking to stay enforcement of the 2013 Judgment is a taxable disbursement to which Flower is entitled pursuant to CPLR 8301 (a) (11). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.